1  MORGAN, LEWIS & BOCKIUS LLP
   John S. Battenfeld, Bar No. 119513
2  john.battenfeld@morganlewis.com
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel:    +1.213.612.2500
   Fax:    +1.213.612.2501
5
   MORGAN, LEWIS & BOCKIUS LLP
6  Theresa Mak, Bar No. 211435
   theresa.mak@morganlewis.com
7  One Market, Spear Street Tower
   San Francisco, CA 94105
8  Tel:    +1.415.442.1000
   Fax:    +1.415.442.1001
9
   Attorneys for Defendant
10 AMAZON.COM LLC

11

12                 UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15 JASMINE MILLER, individually and on       Case No. 4:17-cv-3488
   behalf of all others similarly situated,
16                                            **DEFENDANT AMAZON.COM LLC'S
                     Plaintiff,                NOTICE OF REMOVAL TO
17                                             FEDERAL COURT**
                  vs.
18                                            **[28 U.S.C. §§ 1332, 1441, 1446]**
   AMAZON.COM, LLC, a Delaware Limited
19 Liability Company; and DOES 1 through 500, Complaint Filed:   April 11, 2017
   inclusive,
20
                     Defendants.
21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

**TABLE OF CONTENTS**

**Page**

I.    PROCEDURAL BACKGROUND ............................................................................ 1

II.   REMOVAL IS TIMELY ...................................................................................... 2

III.  THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER
      CAFA .............................................................................................................. 2

      A.    The Putative Class Has More than 100 Members. ................................... 3

      B.    Diversity of Citizenship Exists. .............................................................. 3

      C.    The Amount in Controversy Exceeds $5,000,000. .................................. 5

            1.    Plaintiff's Sixth Cause of Action for Failure to Provide Itemized
                  Wage Statements Puts $5,150,000 in Controversy. ...................... 7

            2.    Plaintiff's Other Causes of Action Put Additional Amounts in
                  Controversy, Clearly Exceeding the CAFA Threshold. .................. 8

IV.   VENUE .......................................................................................................... 10

V.    NOTICE ......................................................................................................... 10

VI.   CONCLUSION ................................................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Angela Rwomwijhu v. SMX, LLC, et al.*
5
   Case No. 2:16-cv-08105-AB-PJW (C.D. Cal. Mar. 3, 2017) .......................................9

6

*Boon v. Allstate Ins. Co.*
   229 F. Supp. 2d 1016 (C.D. Cal. 2002).......................................................................4

7

*Brady v. Mercedes-Benz USA, Inc.*
8
   243 F. Supp. 2d 1004 (N.D. Cal. 2002) .................................................................9, 10

9

*Dart Cherokee Basin Operating Company, LLC v. Owens*
10
   135 S. Ct. 547 (2014) ...............................................................................................5, 6

11

*Ferrell v. Express Check Advance of Georgia*
   591 F.3d 698 (4th Cir. 2010)......................................................................................4

12

*Gallegos v. Atria Mgmt. Co., LLC*
13
   2016 U.S. Dist. LEXIS 104323 (C.D. Cal. Aug. 4, 2016) .........................................6

14

*Giannini v. Northwestern Mut. Life Ins. Co.*
15
   2012 U.S. Dist. LEXIS 60143 (N.D. Cal. Apr. 30, 2012) .........................................9

16

*Guglielmino v. McKee Foods Corp.*
   506 F.3d 696 (9th Cir. 2007).......................................................................................9

17

*Ibarra v. Manheim Invs., Inc.*
18
   775 F.3d 1193 (9th Cir. 2015).....................................................................................6

19

*Jordan v. Nationstar Mortg., LLC*
20
   781 F.3d 1178 (9th Cir. 2015).....................................................................................5

21

*LaCross v. Knight Transportation Inc.*
   775 F.3d 1200 (9th Cir. 2015).....................................................................................6

22

*Lew v. Moss*
23
   797 F.2d 747 (9th Cir. 1986).......................................................................................4

24

*Lewis v. Verizon Communs., Inc.*
   627 F.3d 395 (9th Cir. 2010).......................................................................................7

25

*Marroquin v. Wells Fargo, LLC*
26
   2011 WL 476540 (S.D. Cal. Feb 3, 2011) .................................................................4

27

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
28
   526 U.S. 344 (1999) ....................................................................................................2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Oda, et al. v. Gucci Am., Inc.*
   2015 U.S. Dist. LEXIS 1672 (C.D. Cal. Jan. 7, 2015)..................................................6

*In re Quintus Sec. Litig.*
   148 F. Supp. 2d 967 (N.D. Cal. 2001) .....................................................................10

*Richardson v. Servicemaster Global Holdings Inc.*
   No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219 (N.D. Cal. Dec. 15, 2009).........10

*Roa v. TS Staffing Servs, Inc.*
   2015 U.S. Dist. LEXIS 7442 (C.D. Cal. 2015)..........................................................6

*Rwomwijhu v. SMX, LLC, et al.*
   No. CV16-08105-AB(PJW), 2017 WL 1243131 (C.D. Cal. Mar. 3, 2017) ...........5, 9

*Sanchez v. Russell Sigler, Inc.*
   2015 WL 12765359 (C.D. Cal. April 28, 2015) .....................................................6, 10

*Sasso v. Noble Utah Long Beach, LLC*
   No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921 (C.D. Cal. Mar.
   3, 2015) .........................................................................................................................9

*Singer v. State Farm Mut. Auto. Ins. Co.*
   116 F.3d 373 (9th Cir. 1997).......................................................................................5

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.*
   *Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*
   602 F.3d 1087 (9th Cir. 2010).....................................................................................3

**Statutes**

28 U.S.C.
   § 1332......................................................................................................................1, 4
   § 1332(d) .............................................................................................................. *passim*
   § 1441......................................................................................................................1, 2
   § 1441(a) ...................................................................................................................10
   § 1446......................................................................................................................1, 2
   § 1446(b) .....................................................................................................................2
   § 1446(d) ...................................................................................................................10
   § 1453..........................................................................................................................2

Cal. Code Civ. Proc.
   § 340.........................................................................................................................3, 7
   § 382............................................................................................................................2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Cal. Lab. Code
  § 204................................................................................................................7
  § 226................................................................................................................7
  § 2810..............................................................................................................1

Class Action Fairness Act ................................................................... *passim*

**Rules and Regulations**

Senate Judiciary Report, S. REP. 109-14.........................................................5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendant Amazon.com LLC ("Amazon"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This removal is based on the following grounds:

## I.   PROCEDURAL BACKGROUND

On April 11, 2017, Plaintiff Jasmine Miller ("Plaintiff") filed an unverified putative class action complaint against Amazon in Alameda County Superior Court, entitled *Jasmine Miller, individually and on behalf of all others similarly situated v. Amazon.com, LLC and Does 1 through 500, inclusive*, Case No. RG 17856285.  Plaintiff seeks damages for:  (1) failure to pay regular pay/minimum wages; (2) failure to pay overtime premium pay; (3) failure to provide meal periods or compensation in lieu thereof; (4) failure to provide rest periods or compensation in lieu thereof; (5) failure to reimburse for necessary expenditures; (6) willful failure to provide accurate itemized wage statements; (7) failure to pay wages owed for separated employees; and (8) unlawful and deceptive business practices.

On May 10, 2017, Plaintiff filed a First Amended Complaint which added a cause of action for failure to comply with client employer obligations for subcontractors under Labor Code section 2810 ("FAC").

On May 16, 2017, Plaintiff served copies of the Summons, Complaint, FAC, Notice of Hearing, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum on the registered agent for Amazon.  Copies of these documents are attached hereto as **Exhibit A**. Amazon also includes within Exhibit A, the court's May 23, 2017 Order Continuing the Complex Determination Hearing and Minutes of same, and the court's June 6, 2017 Notice of Continued Complex Determination Hearing.  Exhibit A constitutes all of the pleadings, process, and orders served upon Amazon or filed in the Superior Court action.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

Plaintiff contends that she was jointly employed by Amazon.com LLC and A-1 Express Delivery Service, Inc. dba 1800-Courier, Inc. ("A-1 Express") FAC, Exhibit 1. Amazon disputes this allegation. Amazon denies that it employed Plaintiff, jointly or otherwise and contends that Plaintiff's sole employer was A-1 Express, a delivery service provider with whom Amazon Logistics, Inc. contracted.

Plaintiff now seeks to represent the following class:

> **Plaintiff Class**: All current and/or former hourly (non-exempt) employees of AMAZON and DOES 1 through 500, inclusive ("Joint Employer Defendants"), including the employees of any subcontractor of AMAZON, who (1) worked at any time from four years prior to the date of the commencement of this action to the date of commencement of trial (the proposed "Class Period"); (2) held the positions of "messenger," "courier," "delivery driver," and/or other similar designation(s) ("Delivery Drivers"); and (3) were assigned to deliver local warehouse goods of AMAZON and/or DOES 1 through 500 within the State of California, as shown by the Joint Employer Defendants' employment records.

FAC, ¶ 1.

## II.    REMOVAL IS TIMELY

Plaintiff served the registered agent for Amazon on May 16, 2017. Because this Notice of Removal is filed within thirty days of service of the Summons and FAC, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiff brings this action as a putative class action under Cal. Code Civ. Proc. § 382. FAC, ¶ 1. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (1) the amount placed in controversy by the FAC exceeds, in the aggregate, $5 million, exclusive of interest and costs; (2) the aggregate number of putative class members is 100 or greater; and (3) diversity of citizenship exists between one or more plaintiffs and Amazon. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Amazon denies Plaintiff's factual allegations and denies that Plaintiff, or the class she purports to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DB2/ 31537734

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1   represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the FAC

2   and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1]  Accordingly,

3   diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action

4   pursuant to 28 U.S.C. § 1332(d)(2).

5        **A.**     **The Putative Class Has More than 100 Members.**

6        Plaintiff asserts claims on behalf of a putative class comprised of "All current and/or

7   former hourly (non-exempt) employees of [Amazon], including the employees of any

8   subcontractor of AMAZON, who (1) worked at any time from four years prior to the date of the

9   commencement of this action . . . (2) held the positions of 'messenger,' 'courier,' 'delivery

10  driver,' and/or other similar designation(s) . . . and (3) were assigned to deliver local warehouse

11  goods of [Amazon] within the State of California . . . ."  FAC, ¶ 1.

12       Certain Amazon entities offer various products for purchase online through Amazon

13  websites and mobile applications.  Products purchased through these entities historically have

14  been delivered by large third-party delivery providers (*e.g.*, Federal Express, UPS and the U.S.

15  Postal Service).  In 2014, certain Amazon entities, including Amazon Logistics, Inc. began to

16  supplement their use of large providers by contracting with smaller delivery service providers

17  ("DSPs"), such as A-1 Express, the entity with whom Plaintiff was employed.  DSPs provide

18  their own drivers.  No Amazon entity employs or pays these drivers.  Based on available data, at

19  least 7,000 persons have been employed by DSPs and delivered products to Amazon customers in

20  California since April 11, 2016.[2]  Declaration of Peter Nickerson ("Nickerson Dec.") ¶ 4.

21       **B.**     **Diversity of Citizenship Exists.**

22       To satisfy CAFA's diversity requirement, a party seeking removal need only show that

23  minimal diversity exists; that is, one putative class member is a citizen of a state different from

24  that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg.,*

---

[1] Amazon does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.  Amazon does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.
[2] More persons provided services for DSPs prior to April 11, 2016.  However, for purposes of removal, Amazon conservatively relies on data for the year prior to the filing of Plaintiff's original Complaint. Amazon has restricted data to one year, given the statute of limitations for wage-statement claims under Code of Civ. Proc. § 340 as discussed further *infra* at section C(1).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

3

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1   *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d

2   1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded

3   original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth

4   in 28 U.S.C. § 1332(d)(2)).

5       "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins.*

6   *Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265

7   F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is

8   determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797

9   F.2d 747, 750 (9th Cir. 1986).  Plaintiff admits that she worked in California and is a resident of

10  California.  FAC, ¶ 3.  The FAC does not allege any alternate state citizenship.  Therefore,

11  Plaintiff is a citizen of California for diversity jurisdiction purposes.  Moreover, Plaintiff has

12  brought claims on behalf of putative class members residing in California.  Thus, at least one

13  putative class member is a citizen of California for diversity jurisdiction purposes.

14      Per 28 U.S.C. § 1332, an unincorporated association is deemed to be a citizen of the state

15  where it has its principal place of business and under whose laws it is organized.  28 U.S.C.

16  § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir.

17  2010) (holding that a limited liability company qualifies as an "unincorporated association" under

18  Section 1332(d)(10) for purposes of CAFA removal); *Marroquin v. Wells Fargo, LLC*, 2011 WL

19  476540, *2 (S.D. Cal. Feb 3, 2011)(same).  Amazon.com LLC is organized under the laws of

20  Delaware, and has its principal place of business in Seattle, Washington.  Declaration of Zane

21  Brown ("Brown Decl.") ¶ 3.

22      Even if the citizenship of an unincorporated association was determined by the citizenship

23  of its members, Amazon would be a citizen of the states of Washington and Delaware under that

24  traditional test.  Amazon's only member is Amazon Corporate LLC, whose only member is

25  Amazon Global Resources LLC, whose only member is Amazon Fulfillment Services, Inc.,

26  which is wholly owned by Amazon.com, Inc.  Brown Decl. ¶ 4.  Amazon Corporate LLC and

27  Amazon Global Resources LLC are organized under the laws of Delaware, and have their

28  principal places of business in Seattle, Washington.  *Id.*, ¶ 5.  Similarly, Amazon Fulfillment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

4

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1   Services, Inc. and Amazon.com, Inc. are incorporated in Delaware, and have their principal

2   places of business in Seattle, Washington. *Id.*, ¶ 6.  Accordingly, Defendant Amazon and its

3   members/parents are all citizens of Washington and Delaware for the purposes of determining

4   diversity under the traditional test.  Therefore, "[b]ecause Plaintiff is a citizen of California,

5   whether LLC citizenship is determined by the citizenship of its members or by its principal place

6   of business and state under the laws of which it is organized for purposes of CAFA, minimal

7   diversity would be established" with Amazon.com, LLC as a defendant.  *Rwomwijhu v. SMX,*

8   *LLC, et al.*, No. CV16-08105-AB(PJW), 2017 WL 1243131, *2 (C.D. Cal. Mar. 3, 2017)

9           Therefore, based on the FAC, at least one member of the putative plaintiff class is a

10  citizen of a state different than at least one defendant.  As a result, diversity jurisdiction exists

11  under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any

12  member of a class of plaintiffs is a citizen of a State different from any Defendant").

13          **C.      The Amount in Controversy Exceeds $5,000,000.**

14          Pursuant to CAFA, the claims of the individual members in a class action are aggregated

15  to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

16  28 U.S.C. § 1332(d)(6).  Because Plaintiff does not expressly plead a specific amount of

17  damages, a removing party need only show that it is more likely than not that the amount in

18  controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376

19  (9th Cir. 1997).

20          Amazon's burden to establish the amount in controversy is by a preponderance of the

21  evidence.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014).  *See*

22  *also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart*

23  *Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases).  A

24  removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation

25  that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S. Ct. at

26  554.  "If a federal court is uncertain about whether 'all matters in controversy' in a purported

27  class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

5

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1   in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109-14, at 42

2   (2005) (citation omitted).

3       A removing defendant is "not required to comb through its records to identify and

4   calculate the exact frequency of violations."  *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist.

5   LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL

6   12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research,

7   state and prove the plaintiff's claims for damages.") (citation omitted).  *See also LaCross v.*

8   *Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument

9   for remand based on the contention that the class may not be able to prove all amounts claimed:

10  "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately

11  recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in

12  alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only

13  estimating the damages in controversy.").  The ultimate inquiry is what amount is put "in

14  controversy" by the plaintiff's complaint, not what a defendant will actually owe.  *LaCross*, 775

15  F.3d at 1202 (citation omitted) (explaining that courts are directed "to first look to the complaint

16  in determining the amount in controversy").

17      Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support

18  of its removal allegations.  *Roa v. TS Staffing Servs, Inc*., 2015 U.S. Dist. LEXIS 7442, at *4-5

19  (C.D. Cal. 2015).  However, as detailed below, Amazon has established by a preponderance of

20  the evidence that the amount in controversy exceeds $5 million and that the Court has jurisdiction

21  pursuant to CAFA.  *See, e.g., Gallegos v. Atria Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS 104323,

22  at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations for the purposes of

23  CAFA removal to be grounded in "reasonable assumptions" where the defendant's Director of

24  Payroll multiplied the number of employees by workweeks and average rates of pay to calculate

25  meal period and rest break claims).  As discussed below, when the claims of the putative class

26  members in the present case are aggregated, their claims put into controversy over $5 million in

27  potential damages.  28 U.S.C. § 1332(d)(2).

28

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1    Although Amazon denies Plaintiff's factual allegations and denies that she or the class she

2    seeks to represent are entitled to the relief for which she has prayed, Plaintiff's allegations and

3    prayer for relief have "more likely than not" put into controversy an amount that exceeds the

4    $5 million threshold when aggregating the claims of the putative class members as set forth in 28

5    U.S.C. § 1332(d)(6).[3]

6    **1.    Plaintiff's Sixth Cause of Action for Failure to Provide Itemized Wage Statements Puts $5,150,000 in Controversy.**

7    Plaintiff seeks to represent a class of all "employees of AMAZON, including the

8    employees of any subcontractor of AMAZON who worked at any time from four years prior to

9    the commencement of this action . . . . held the positions of "messenger," "courier," "delivery

10   driver," and/or other similar designation(s) [and] were assigned to deliver local warehouse goods

11   of AMAZON and/or DOES 1 through 500 within the State of California . . . ." FAC, ¶ 1. Based

12   on Plaintiff's class definition, available data was reviewed for at least 7,000 persons who worked

13   for DSPs as drivers and delivered Amazon products in California from April 11, 2016 to April 11,

14   2017. Nickerson Decl., ¶ 4. While more such DSP drivers made deliveries during the proposed

15   class period, data was conservatively limited to the year prior to the filing of Plaintiff's original

16   Complaint for purposes of calculating Plaintiff's alleged wage statement violation, which carries

17   a one-year statute of limitations. *See* Code Civ. Proc. § 340. For purposes of these calculations,

18   Amazon assumes that DSPs paid their drivers bi-monthly. During the one-year statute of

19   limitations available under Labor Code section 226, there were a total of at least 55,000 bi-

20

21

22

23   [3] This Notice of Removal discusses the nature and amount of damages placed at issue by
     Plaintiff's FAC. Amazon's references to specific damage amounts and citation to comparable

24   cases are provided solely for establishing that the amount in controversy is more likely than not in
     excess of the jurisdictional minimum. Amazon maintains that each of Plaintiff's claims is

25   without merit and that Amazon is not liable to Plaintiff or any putative class member. Amazon
     expressly denies that Plaintiff or any putative class member is entitled to recover any of the

26   penalties sought in the FAC. In addition, Amazon denies that liability or damages can be
     established on a class-wide basis. No statement or reference contained herein shall constitute an

27   admission of liability or a suggestion that Plaintiff will or could actually recover any damages
     based upon the allegations contained in the FAC or otherwise. "The amount in controversy is

28   simply an estimate of the total amount in dispute, not a prospective assessment of [Amazon's]
     liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

7

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1   monthly pay periods.[4]  Nickerson Decl., ¶ 5.

2          Plaintiff alleges that "*[n]one* of [Amazon's] payroll records pertaining to Plaintiff and

3   Class Members accurately reflect all employer names and addresses, regular hours worked,

4   overtime hours worked, regular hourly rates, overtime hourly rates, actual gross wages and net

5   wages earned, meal periods, premium wagzanees owed for denied lawful rest and meal periods,

6   and necessary expenditures incurred." FAC, ¶ 49 (emphasis added).  Plaintiff claims that, as a

7   result, "Plaintiff and Class Members were *never* aware of what their true wages should have been

8   . . . ." *Id.* (emphasis added).  As Plaintiff claims that no wage statements were compliant,

9   Plaintiff's sixth cause of action places at least $5,150,000 in controversy: (7,000 putative class

10  members x $50 for initial pay period of an alleged wage statement violation) + (48,000 pay

11  periods x $100 for each alleged wage statement violations in a subsequent pay period) = $350,000

12  + $4,800,000 = $5,150,000).

13  **2.      Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

14

15         Plaintiff's alleged amount in controversy just as to the wage statement claim is at least

16  $5,150,000.  Amazon has demonstrated this amount by a preponderance of the evidence, as

17  presented with this Notice of Removal.  However, in addition to this amount, Plaintiff's other

18  causes of action place additional amounts in controversy, thus further exceeding the CAFA

19  threshold.

20         Plaintiff contends that Amazon required her and the putative class members to "attend

21  unpaid company meetings and training programs, as well as work extended hours in order to

22  complete their mandated job duties, but only compensating them for a set number of hours."

23  FAC, ¶ 77. Plaintiff claims that she and the putative class members "would *often* be required to

24  work several hours a day with *no compensation at all* . . . ." *Id.* at ¶ 43 (emphasis added).

25  Plaintiff thus contends that she and the putative class members were deprived of regular pay and

26

27  _____

28  [4] Although Amazon did not employ or pay the DSPs' drivers, for purposes of this motion, Amazon assumes that the DSPs paid drivers on a bi-monthly basis pursuant to the requirements of Labor Code section 204, but some DSPs may have paid drivers on a weekly or bi-weekly basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

8

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

minimum wages.  *Id.* at ¶ 78.  As such, Plaintiff's first cause of action for failure to provide regular pay/minimum wages places additional amounts in controversy.

Plaintiff's third and fourth causes of action for failure to provide meal and rest periods place further amounts in controversy where Plaintiff seeks "unpaid Premium Wages for noncompliant" rest and meal periods "at one hour of regular pay."  FAC, Prayer for Relief ¶¶ 7-8. Plaintiff contends Amazon "*systematically* denied Plaintiff and Class Members proper premium compensation . . . ."  FAC, ¶ 120 (emphasis added).

Plaintiff also seeks "damages and restitution for failure to pay or reimburse all reasonable and necessary business expenditures . . . ." under her fifth cause of action.  FAC, Prayer for Relief ¶ 9.  Plaintiff claims Amazon "*uniformly* den[ied] Plaintiff and Class Members reimbursement for necessary expenditures [including] uniform-related items, and necessary tools and supplies." FAC, ¶ 129 (emphasis added).

Plaintiff's seventh cause of action for alleged failure to timely pay wages owed alleges that "Plaintiff and Class Members who no longer work for the Joint Employer Defendants are further entitled to, and hereby seek, waiting-time penalties in amounts equal to thirty times their respective daily wages."  FAC, ¶ 160.  Amazon does not have access to the DSPs' information to determine the number of former employees of all the DSPs.  However, in one case where the same Plaintiffs' counsel in this action has a much more limited class action against Amazon and one DSP, *Angela Rwomwijhu v. SMX, LLC, et al*., Case No. 2:16-cv-08105-AB-PJW (C.D. Cal. Mar. 3, 2017), the Court found that there was $1,149,978 in controversy for Plaintiff Rwomwijhu's waiting time penalties claim against one DSP that employed approximately 274 drivers during the relevant period.  *Rwomwijhu v. SMX, LLC*, 2017 WL 1243131, *5.  Based on that, and given that many more former employees of other DSPs are alleged to be class members in this lawsuit, Plaintiff Miller's seventh cause of action places an even greater amount in controversy.

Lastly, Plaintiff seeks recovery of attorneys' fees.  FAC, Prayer for Relief ¶ 16. Attorneys' fees are properly included in determining the amount in controversy.  See *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

9

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1    243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002).  *See also Sasso v. Noble Utah Long Beach*,

2    *LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5-6 (C.D. Cal. Mar. 3,

3    2015) ("The Court believes that, when authorized by an underlying statute, the better view is to

4    consider post-removal attorneys' fees because they are part of the total 'amount at stake.'")

5    (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at

6    *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future

7    attorneys' fees can be used in calculating the amount in controversy); *Richardson v.*

8    *Servicemaster Global Holdings Inc.*, No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4

9    (N.D. Cal. Dec. 15, 2009) (considering attorneys' fees in determining amount in controversy for

10   diversity jurisdiction and citing to *Brady* as basis for same).

11          Amazon denies Plaintiff's claim for attorneys' fees.  However, for purposes of removal,

12   the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the

13   amount of attorneys' fees.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001)

14   (benchmark for attorneys' fees is 25% of the common fund).  Courts therefore include a potential

15   25% fee award in the CAFA amount in controversy.  *See, e.g., Sanchez*, 2015 WL 12765359, at

16   *7.  Even though Amazon has already demonstrated by a preponderance of the evidence that the

17   amount in controversy exceeds $5,000,000, Amazon notes that the inclusion of attorneys' fees

18   would add at least another $1,287,500 to the amount in controversy (25% of $5,150,000),

19   bringing the total amount in controversy to at least $6,437,500.

20   **IV.    VENUE**

21          This action was originally filed in Alameda County Superior Court.  Initial venue is

22   therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the

23   county in which this action has been pending.

24   **V.    NOTICE**

25          Amazon will promptly serve this Notice of Removal on all parties and will promptly file a

26   copy of this Notice of Removal with the clerk of the state court in which the action is pending, as

27   required under 28 U.S.C. § 1446(d).

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31537734

10

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

**VI.    CONCLUSION**

Based on the foregoing, Amazon requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Amazon respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: June 15, 2017                                    MORGAN, LEWIS & BOCKIUS LLP


By _____*/s/ Theresa Mak*_____
                                                                    John S. Battenfeld
                                                                    Theresa Mak
                                                                    Attorneys for Defendant
                                                                    AMAZON.COM LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANT AMAZON.COM LLC'S
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

DB2/ 31537734