IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE MILLER, <br>     Plaintiff, <br> v. <br> AMAZON.COM, LLC, <br>     Defendant. | Case No. 17-cv-03488-MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are two motions, each filed February 5, 2018, by defendant Amazon.com, LLC ("Amazon"): (1) "Motion to Dismiss Plaintiff's Second Amended Class Action Complaint"; and (2) "Motion to Strike Class Allegations." The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court hereby rules as follows.[1]

**A. Motion to Dismiss**

1. The First Cause of Action, titled "Failure to Provide Regular Pay/Minimum Wages," is subject to dismissal, as plaintiff fails to "allege facts showing that there was a given week in which [she] was entitled to but denied minimum wages or [regular] wages." See Landers v. Quality Communications, Inc., 771 F.3d 638, 644-46 (9th Cir. 2014) (explaining, in context of claim for overtime wages, "mathematical precision" is not required; noting "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wage she believes she is owed, or any other facts that

---

[1] By order filed March 26, 2018, the Court took the matters under submission.

will permit the court to find plausibility").

    2. The Second Cause of Action, titled "Failure to Provide Overtime Premium Pay," is subject to dismissal, as plaintiff fails to "allege facts showing that there was a given week in which [she] was entitled to but denied . . . overtime wages." See id.

    3. The Third Cause of Action, titled "Failure to Provide Meal Periods and/or Meal Period Premium Pay," is subject to dismissal, as plaintiff fails to allege sufficient facts to support a finding that Amazon failed to "provide" her a meal period or periods. See Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1040 (2012); Brown v. Wal-Mart Stores, Inc., 2013 WL 1701581, at *5 (N.D. Cal. April 18, 2013) (dismissing meal and rest break claims; finding plaintiffs "failed to plead sufficient facts" where plaintiffs alleged employer "pressured, incentivized, and discouraged," and made it "difficult" to take, meal and rest breaks).

    4. The Fourth Cause of Action, titled "Failure to Provide Rest Periods and Rest Period Premium Pay," is, for the reasons stated above with respect to the Third Cause of Action, subject to dismissal.

    5. The Fifth Cause of Action, titled "Failure to Reimburse for Necessary Expenditures Incurred," is not subject to dismissal, in light of plaintiff's allegation that she was "required to carry and use [her] personal cell phone[ ] for scheduling purposes and maintaining communication with dispatch and the warehouse — all without any reimbursement of any kind." (See Second Amended Class Action Complaint ("SAC") ¶ 45); Cochran v. Schwan's Home Service, Inc., 228 Cal. App. 4th 1137, 1144-45 (2014) (holding, to establish liability for claim alleging failure to reimburse based on personal cell phone use, plaintiff "need only show that he or she was required to use a personal cell phone to make work-related calls, and he or she was not reimbursed").

    6. The Sixth Cause of Action, titled "Failure to Provide Accurate Wage Statements [and] Keep Accurate Payroll Records," is, as pleaded, derivative of the First through Fifth Causes of Action, and, consequently, is, for the reasons stated above, subject to dismissal to the extent based on the First through Fourth Causes of Action and not

subject to dismissal to the extent based on the Fifth Cause of Action.

7. The Seventh Cause of Action, titled "Failure to Timely Pay Wages Owed," is subject to dismissal, as plaintiff does not allege facts to support a finding that Amazon's asserted failure to timely pay wages due plaintiff upon termination of her employment was "willful." See Cal. Labor Code § 201(a) (requiring employer to pay "wages earned and unpaid" to discharged employee "immediately"); Cal. Labor Code § 203(a) (providing cause of action for violation of § 201(a) if employer "willfully fails to pay . . . any wages of an employee who is discharged" within time required under § 201). Additionally, the Seventh Cause of Action is, as pleaded, derivative of the First through Fifth Causes of Action, and, consequently, is, to the extent based on the First through Fourth Causes of Action, likewise subject to dismissal.

8. The Eighth Cause of Action, titled "Failure to Provide Adequate Contracting Compensation," is subject to dismissal, as said claim is based on "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements," see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and, consequently, lacks "sufficient factual matter" upon which to base a "claim to relief that is plausible on its face," see id. (internal quotation and citation omitted); (see SAC ¶¶ 154-58).

9. The Ninth Cause of Action, titled "Violation of California's Unfair Competition Law," is, as pleaded, derivative of the First through Eighth Causes of Action, and, consequently is:

    a. subject to dismissal to the extent based on the First through Fourth Causes of Action;

    b. not subject to dismissal to the extent based on the Fifth Cause of Action;

    c. subject to dismissal only to the extent based on the portion of the Sixth Cause of Action that is subject to dismissal;

    d. subject to dismissal to the extent based on the Seventh and Eighth Causes of Action.

//

**B. Leave to Amend**

In her opposition, plaintiff requests leave to amend, which request will be granted, as it does not appear plaintiff cannot cure at least some of the deficiencies identified above.

**C. Motion to Strike**

In light of the Court's dismissal of the majority of the claims asserted in the operative pleading, and plaintiff's opportunity to amend her dismissed claims, the Court will deny Amazon's motion to strike the class allegations, without prejudice to refiling after plaintiff has amended, or, alternatively, decides not to do so.[2]

**CONCLUSION**

For the reasons stated above:

1. Amazon's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

    a. The First through Fourth, Seventh, and Eighth Causes of Action are DISMISSED in their entirety;

    b. The Sixth Cause of Action is DISMISSED to the extent it is based on the First through Fourth Causes of Action;

    c. The Ninth Cause of Action is DISMISSED to the extent it is based on the First through Fourth, Seventh and Eighth Causes of Action, and to the extent it is based on the portion of the Sixth Cause of Action that is subject to dismissal;

    d. In all other respects, the motion is DENIED.

2. Plaintiff's request for leave to amend is hereby GRANTED, and plaintiff shall file a Third Amended Complaint no later than April 27, 2018. If plaintiff does not file a Third Amended Complaint within the time provided, the instant action will proceed on the remaining claims in the SAC.

---

[2] In the event plaintiff elects to amend and Amazon again seeks both a dismissal and an order striking the class allegations, Amazon shall file a single motion encompassing both such requests for relief.

4

3. Amazon's motion to strike is hereby DENIED without prejudice.

4. The Case Management Conference is hereby CONTINUED from April 27, 2018, to June 29, 2018, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than June 22, 2018.

**IT IS SO ORDERED.**

Dated: March 29, 2018

MAXINE M. CHESNEY
United States District Judge