**LAW OFFICES OF RONALD A. MARRON, APLC**
Ronald A. Marron (SBN 175650)
ron@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Tel: (619) 595-3001
Fax: (619) 595-3000

Counsel for Plaintiff Jasmine Miller, individually and on behalf of all others similarly situated
[*additional counsel noted on the following page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| JASMINE MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>Defendants. | Case No. 17-CV-03488-MMC<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: November 2, 2018<br>Time: 10:30 A.M.<br>Ctrm: 7 – 19th Floor<br>Hon. Maxine Chesney<br><br>Complaint filed: April 11, 2017<br>Removal date: June 15, 2017<br>Trial Date: None set |

1  MORGAN, LEWIS & BOCKIUS LLP
   John S. Battenfeld, Bar No. 119513
2  john.battenfeld@morganlewis.com
   Brian D. Fahy, Bar No. 266750
3  brian.fahy@morganlewis.com
   300 South Grand Avenue
4  Twenty-Second Floor
   Los Angeles, CA 90071-3132
5  Tel:   +1.213.612.2500
   Fax:   +1.213.612.2501
6
   MORGAN, LEWIS & BOCKIUS LLP
7  Andrea L. Fellion, Bar No. 262278
   andrea.fellion@morganlewis.com
8  One Market, Spear Street Tower
   San Francisco, CA 94105
9  Tel:   +1.415.442.1000
   Fax:   +1.415.442.1001

Attorneys for Defendant

AMAZON LOGISTICS, INC., incorrectly sued as AMAZON.COM, LLC

**1.  JURISDICTION AND SERVICE**

Plaintiff's Statement: Plaintiff concedes that this action meets the necessary threshold for original federal jurisdiction under 28 U.S.C. § 1332(d) and that the evidence in support of the Notice of Removal establishes by a preponderance of evidence that jurisdiction of this matter is proper pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), *et seq*.

Defendant's Statement: Defendant does not dispute that this Court has jurisdiction over this action and that venue is appropriate in this Court.

**2.  FACTUAL CHRONOLOGY AND FACTUAL ISSUES IN DISPUTE**

Plaintiff's Position: Plaintiff alleges that Amazon is a joint employer of Delivery Drivers employed but subcontracting companies hired to provide local delivery, messenger, and/or courier services for products provided by Amazon. Plaintiff contends that although Plaintiff and the Plaintiff Class Members were initially hired by other separate entities (typically small, undercapitalized staffing agencies), the employment relationship with the hiring organization ended with the actual hiring, and subsequent furnishing of wages, and that Amazon exerted all control over the employment relationship and working conditions with the Delivery Drivers.

/ / /

Plaintiff alleges, on a class-wide basis, that due to Amazon's conduct, Delivery Drivers were systematically and uniformly not paid regular pay and minimum wages for regular hours worked and/or lawful overtime premium compensation for overtime hours worked in violation of IWC Wage Order 9-2001 and California Labor Code sections 510, and 1194; were not provided full reimbursement for necessary expenditures incurred in violation of IWC Wage Order 9-2001 and California Labor Code section 2802; were not provided lawful off-duty uninterrupted thirty-minute meal periods when the nature of work performed did not prevent the Delivery Drivers from being relieved for lawful meal periods, or where the nature of work that prevented off-duty meal periods was attributable solely to Amazon's own insufficient staffing model in violation of IWC Wage Order 9-2001 and California Labor Code section 226.7; were not authorized lawful uninterrupted duty-free ten-minute rest periods in violation of IWC Wage Order 9-2001 and California Labor Code section 226.7; and were not provided proper premium pay for denied lawful meal and rest periods in violation of IWC Wage Order 9-2001 and California Labor Code section 226.7. Further, Plaintiff alleges that Defendant required employees, including Plaintiff, to use personal cell phones to perform work duties, but has no policy or practice to reimburse for reasonable and necessary business expenses, in violation of Labor Code section 2802. Plaintiff's additional claims for failure to provide accurate itemized wage statements and failure to timely pay all wages due upon separation of employment are derivative of the minimum/overtime, rest and meal period, and expense reimbursement claims. Plaintiff also brings a claim under Labor Code section 2810.3 for violation of labor contracting laws. Plaintiff also brings a claim for violation of the Unfair Competition Law, Bus. & Prof. Code section 17200, *et seq*. based on Defendant's alleged unlawful employment practices.

Defendant's Position: Plaintiff Jasmine Miller was employed by A-1 Express Delivery Service, Inc. dba 1-800 Courier ("1-800 Courier") for 3 months in 2016. After suing 1-800 Courier in two prior lawsuits, Miller then filed suit against Amazon, without naming her actual employer as a defendant. This lawsuit is a legally untenable, unwieldy omnibus putative class action on behalf of over 7,000 delivery drivers employed in California by dozens of different delivery service providers ("DSPs") – none of whom are Amazon employees. Plaintiff's operative Third Amended Complaint ("Complaint") alleges that Amazon was a joint employer or, alternatively, client employer under Labor Code section 2810.3, for alleged Labor Code violations committed by various unnamed subcontractors of Amazon, [but the

2

JOINT CASE MANAGEMENT STATEMENT     CASE NO. 17-CV-03488-MMC
DB2/ 35271215.1

Complaint's alleged facts regarding Amazon's purported control over her employment are demonstrably false]. The Complaint does not name a single DSP as a defendant, but Miller's allegations make clear that the conduct of dozens of unidentified contractor companies is at the heart of Miller's own claims, as well as the claims of other putative class members. Because Miller's class theory hinges on highly individualized inquiries as to each employee of each DSP on each shift worked to establish liability for each claim alleged in the complaint, the proposed class definition is fatally flawed and cannot satisfy Rule 23's requirements.

The Complaint argues, rather than factually pleads, that Amazon alone is responsible for the alleged wage and hour violations at issue because Amazon allegedly controlled "every" aspect of not only Miller's employment and working conditions but also every single driver employee of every DSP. This is not only unsupported by any pled facts, it is patently false. Indeed, in other litigation brought by former drivers who have sued DSP and Amazon, those drivers have recently been deposed. Significantly, those drivers are putative class members in this action. In their depositions, excerpts of which are attached hereto as **Defendant's Exhibit A**, the drivers employed by a DSP named Scoobeez testified that they reported to and were supervised by their DSP supervisors and dispatchers, not Amazon supervisors or dispatchers. They took direction from DSP supervisors and dispatchers, not Amazon employees. Their schedules and hours worked were determined by their DSP and were provided to them on an app called When I Work, which was provided by the DSP, not Amazon. If they had questions about their schedules, they contacted their DSP, not Amazon. Their DSP, not Amazon, handled their interviews, hiring, and termination. Their DSP supervisors or dispatchers provided instructions and guidance on their package deliveries, not Amazon. Their DSP determined which drivers made specific deliveries, not Amazon, and the DSP determined if the drivers made Amazon deliveries or deliveries for other customers of the DSP. Their DSP determined and paid their compensation and mileage reimbursement, not Amazon. Their DSP provided them the tools they needed to perform their deliveries, not Amazon, and Amazon did not require them to use their personal cell phones to make deliveries. Their DSP provided their meal and rest breaks and communicated with them about those breaks, not Amazon. Their DSP approved their overtime, not Amazon. Their DSP, in conjunction with a third-party entity, issued their wage statements, not Amazon. Amazon did not require them to remain on call during their deliveries and did not contact them during deliveries to provide

3

instructions on how to make deliveries. All of this testimony squarely contradicts the conclusory and wholly unsupported allegations in Miller's Complaint. TAC, ¶¶ 25-67. Further, a driver of another DSP – NEA Delivery, LLC -- who is a plaintiff in another action brought against that DSP and Amazon, and who is represented by Plaintiff's counsel in this action, gave similar testimony at his recent deposition. *See* **Defendant's Exhibit B**, which contains excerpts from that plaintiff's deposition.

This testimony establishes that Miller's core theory that "Amazon exerted all control over the employment relationship with the Delivery Drivers" has no basis in fact and indeed raises Rule 11 concerns given the facts that are known to Plaintiff's counsel. As such, the entire basis for Plaintiff's attempt to claim Amazon is solely responsible for the employment and working conditions of every DSP driver in California, and to prove that violations were committed by Amazon in the same way as to every DSP driver, has no factual support.

### 3. <u>LEGAL ISSUES AND DISPUTED POINTS OF LAW</u>

<u>Plaintiff's Position:</u> Plaintiff maintains that Defendants uniform use of "DSP" operational agreements and controls over all aspects of Amazon customer delivery service in California meets all apects of California's "joint employment" doctrine and also renders Amazon potentially liable as a "client employer" for unpaid wages under Labor Code section 2810.3. Amazon controls hiring, termination, concessions, firing, and in fact, drivers for subcontracting entities who seek re-hire with other Amazon subcontracting entities who have an unsatisfactory record of "customer concessions" (misdeliveries, late deliveries, packages that simply get stolen by third parties" cannot be rehired by an otherwise competing Delivery Associate company. Plaintiff will show that delivery driver employees in California fully satisfy all elements of *Martinez v. Combs* as a primary basis for joint employment liability and that, in the alternative, Amazon used undercapitalized "contractors" to avoid requirements necessary to meet wage and hour requirements in California in violation of Labor Code section 2810.3.

The key legal issues in this case include:

1. Whether the claims at issue in this action can be certified for adjudication on a class-wide basis, including, whether common questions predominate and whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

/ / /

4

JOINT CASE MANAGEMENT STATEMENT          CASE NO. 17-CV-03488-MMC
DB2/ 35271215.1

2. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to compensate Plaintiff and Class Members mandated minimum wages and/or regular pay for regular hours worked;

3. Whether Amazon is liable for damages, interest, restitution, statutory penalties, attorneys' fees, and/or costs for failing to compensate Plaintiff and Class Members mandated minimum wages and/or regular pay;

4. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to properly compensate Plaintiff and Class Members mandated overtime premium pay for hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and/or hours worked on the seventh consecutive day in a workweek;

5. Whether Amazon is liable for damages, interest, restitution, statutory penalties, attorneys' fees, and/or costs for failing to properly compensate Plaintiff and Class Members mandated overtime wages;

6. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to provide Plaintiff and Class Members lawful thirty (30)-minute uninterrupted meal periods within the first five (5) hours of work in any workday lasting more than six (6) hours, and by failing to compensate Plaintiff and Class Members one hour of premium pay at their regular hourly pay rates for each workday a lawful meal period was not provided;

7. Whether Amazon is liable for damages, interest, restitution, statutory penalties, attorneys' fees, and/or costs for failing to compensate Plaintiff and Class Members one hour of premium pay at their regular hourly pay rates for each workday a lawful meal period was not provided;

8. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to provide Plaintiff and Class Members lawful ten (10)-minute uninterrupted rest breaks for every four (4) hour period of work in any workday, or major fraction thereof, and by failing to compensate Plaintiff and Class Members one hour of premium pay at their regular hourly pay rates for each workday a lawful rest period was not provided;

9. Whether Amazon is liable for damages, interest, restitution, statutory penalties, attorneys' fees, and/or costs for failing to compensate Plaintiff and Class Members one hour of premium pay at their

regular hourly pay rates for each workday a lawful rest period was not provided;

10. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to provide Plaintiff and Class Members accurate itemized wage statements;

11. Whether Amazon is liable for damages, interest, restitution, statutory penalties, attorneys' fees, and/or costs for failing to provide Plaintiff and Class Members accurate itemized wage statements;

12. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to keep accurate payroll records concerning Plaintiff and Class Members;

///

13. Whether Amazon is liable for statutory penalties for failing to keep accurate payroll records concerning Plaintiff and Class Members;

14. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to promptly pay Plaintiff and Class Members all wages owed each pay period;

15. Whether Amazon is liable for penalties for failing to promptly pay Plaintiff and Class Members all wages owed each pay period;

16. Whether Amazon is liable for waiting time penalties and statutory penalties for failing to promptly pay Plaintiff and Class Members who no longer work for AMAZON all wages owed upon their cessation of employment;

17. Whether Amazon violated the California Labor Code and applicable Wage Order by failing to indemnify/reimburse Plaintiff and Class Members for necessary expenditures incurred while discharging their duties and/or obeying the direction of their employer;

18. Whether Amazon violated Labor Contracting and Client Employer obligations for adequate compensation under Labor Code sections 2810, *et seq.*;

Whether Amazon violated California Business and Professions Code sections 17200, *et seq.* by engaging in unfair, unlawful, and/or fraudulent business practices.

Defendant's Position: First, as set forth in Amazon's pending motion to strike/dismiss, resolving the class claims in Miller's Complaint requires highly individualized assessments because those claims present no common questions capable of class-wide resolution. Such claims cannot satisfy the requirements of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The Complaint pleads no facts supporting class-wide

6

1  violations and has not plausibly alleged that any common conduct by Amazon caused violations as to all
2  delivery drivers of all DSPs in California. The facts are completely to the contrary, as explained above. As
3  a result, any attempt to establish liability will require inquiries as to how each DSP treated its individual
4  employees under that DSP's own policies and procedures, and these inquiries will need to be made as to
5  over 7,000 putative class members. This reality is confirmed not only by Miller's reliance on evidence
6  concerning 1-800 Courier to allege her own claims against Amazon, and the deposition testimony
7  summarized above, which makes clear that the DSPs, not Amazon, controlled the wages, hours and
8  working conditions of the DSP's employees, but also by the expansive individualized DSP data Miller
9  seeks in discovery (**Defendant's Exhibit C** hereto). Indeed, the Complaint on its face shows that Miller's
10 class claims are based on individual, not common proof, by claiming without any supporting facts that a
11 comparison of Amazon's alleged "delivery data" and individual DSP records (which are not in Amazon's
12 possession, and as to some DSPs are the subject of other pending litigation) will allegedly establish the
13 wage and hour violations pled in the complaint. But as Plaintiff and other drivers admit, each DSP has its
14 own policies and procedures, including wage and hour policies and time-recording systems. These
15 indisputable facts mean that any class litigation involving all California DSPs would be a logistical and
16 procedural morass – the exact opposite of the litigation efficiencies contemplated by Rule 23.

Second, beyond relying on an inherently individualized and factually bereft theory of recovery that violates Rule 23, Miller's complaint also relies on individual and class allegations that are plainly deficient under *Landers v. Quality Commc'ns*, 771 F.3d 638 (9th Cir. 2014).

Third, Miller's alternative theory of liability under Labor Code sections 2810 and 2810.3 lacks merit because the Complaint alleges no facts to support these claims, either as to herself or the putative class members. Moreover, Miller's client employer as to section 2810 theory must rely on finding that delivery drivers are warehouse workers, but the Complaint alleges no facts, nor is there any law, to support this theory. As with her primary theory of liability, her alternative theories are conclusory, speculative, and unsubstantiated.

Fourth, other specific legal issues include, but are not limited to:[1]

---

[1] Plaintiff's alleged "Key Legal Issues" are almost entirely not legal issues but rather are largely questions of fact or mixed questions of fact and law that have no common answers based on common proof. Rather, they require inquiries into specific policies and practices of specific DSPs as applied to specific drivers of each DSP.

7

- Whether Amazon is a joint employer of Miller or any other delivery driver of her employer or any other DSP.
- Whether Amazon can be liable as a "client employer" for any or all of the alleged damages or penalties sought in the TAC.
- Whether any arbitration agreements entered into by any delivery drivers of any DSP require those drivers to arbitrate the claims asserted in the Complaint.
- Whether any alternative workweek schedules implemented by any DSPs bar or limit the overtime claims of certain putative class members.
- Whether any other agreements concerning specific DSPs and their delivery drivers bar or limit claims in this action, including meal period waivers or settlement agreements.
- Whether interest can be recovered on meal or rest period premiums or penalties claimed in this action.
- Whether expense claims are barred as to delivery drivers who did not report such expenses to their employer.
- Whether wage statement or waiting time penalties can be based on a failure to pay meal or rest period premiums.
- Whether any conduct alleged as to Amazon was knowing and intentional or willful.
- Whether Plaintiff can recover penalties against Amazon as to some or all of the alleged violations in the TAC.

## 4. MOTIONS (PRIOR, PENDING, AND ANTICIPATED)

<u>Plaintiff's Position:</u> Plaintiff intends to move for class certification within 10-11 months of the date the pleadings are final. As noted, both parties await a ruling on Rule 12 motions so as to discern how best to proceed. Plaintiff also anticipates at the time that certification motion is filed under Rule 23, that a separate request and motion for bifurcation be filed, on preliminary issues of "joint employment," "client employer liability," and to pursue damages in a separate phase of proceedings in order to ensure judicial economy for the parties and the Court.

<u>Defendant's Position:</u> Defendant's motion to strike/dismiss the Third Amended Complaint is pending. Also, Defendant reserves the right to bring a motion for summary judgment or partial summary

8

judgment, a motion to deny class certification, or a motion to compel arbitration, if any individual joins this action who agreed to arbitrate his or her claims on an individual basis.

## 5. AMENDMENT OF PLEADING

<u>Plaintiff's position</u>: the Parties conducted a meet and confer and discussed the claims in this matter. While the Parties will continue to discuss the claims at issue and exchange information to help assess the claims, presently, the Parties do not have any intentions to amend the pleadings. Plaintiff continues to investigate the claims without the assistance of discovery.

<u>Defendant's position</u>: if Plaintiff seeks to amend her complaint, Defendant requests that the Court set a deadline for Plaintiff to file any further amended complaint, and place conditions on any amendment given that Plaintiff has already amended her complaint 3 times.

## 6. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") met and conferred on this matter and taken the necessary steps to assure that there will not be any problems with preserving relevant discoverable information in their possession. However, much of the ESI identified by Plaintiff is in the possession of DSPs or other non-parties, not Amazon. The Parties also agree that they will continue to meet and confer as to the appropriate and reasonable manner in which e-discovery is to be preserved, collected and produced in this action.

## 7. INITIAL DISCLOSURES

On October 5, 2018, Plaintiff served her initial disclosures. On or before the date of the case management conference, Defendant will provide initial disclosures limited to Miller's claims as to her employment with 1-800 Courier. Plaintiff understands that Defendant asserts that Plaintiffs claims are overbroad. However, on information and belief, Plaintiff's position is that Amazon uses the same or substantially similar DSP agreements throughout California, during the proposed class period.

Defendant's position is that disclosures concerning other unnamed DSPs and their employees are inappropriate given that Plaintiff never worked for those DSPs and her class definition is flawed in numerous ways as set forth in Amazon's pending motion.

## 8. DISCOVERY

There has been no formal discovery taken to date.

9

Plaintiff's position: Plaintiff has requested discovery. Defendant has resisted based on the uncertainty surrounding pleading motions. Plaintiff has requested that Defendant at least provide Initial Disclosures as related to the DSP for A-1 Express (1-800 Courier) who filed for bankruptcy as an undercapitalized company. Defendant refused to provide even limited Initial Disclosures. Given the procedures, Plaintiff has not had any opportunity to seek even limited discovery from Amazon at this stage.

This matter is in the early stage of litigation, and as such the full extent and scope of evidence and witnesses is unknown at this time. At this time, the following witnesses and evidence are known or anticipated to impact the allegations raised in this case:

- Percipient witnesses within Amazon, including current and former employees, managers, and supervisors in the State of California.
- Key documents at issue include, without limitation, employment files of Plaintiff and putative class members, corporate policies and procedures related to Defendant's wage compensation, rest and meal period and expense reimbursement policies and practices, payroll records, itemized wage statements, and internal memorandum related to Defendant's wage compensation, rest and meal period and expense reimbursement policies and practices in effect during the liability period.

Defendant's position: Defendant requests that the Court stay discovery until it has ruled on Defendant's pending motion. Amazon notes that the discovery identified by Plaintiff is either irrelevant (Amazon's policies as to its own employees have no bearing on Plaintiff's claims as neither she nor any other DSP driver was subject to those policies) or would require discovery directed at DSPs who are not parties to this action. Even the identification of information about putative class members will require non-party discovery.

For example, Miller's employer, 1-800 Courier, had its own policies regarding meal and rest periods, expense reimbursement, etc. that are relevant to Miller's claims. None of Amazon's policies applicable to its own employees regarding wages, meal or rest periods, or expense reimbursement applied to Miller or other drivers employed by DSPs. DSP employees such as Miller were at all times reimbursed and paid by their DSPs, not Amazon, so only DSP employees would possess relevant knowledge regarding the wages and expense reimbursements received by DSP employees. Further, no Amazon employees

10

JOINT CASE MANAGEMENT STATEMENT                                    CASE NO. 17-CV-03488-MMC
DB2/ 35271215.1

supervised Miller or similarly situated drivers, as they were supervised by employees of the DSP. The recent deposition testimony confirms this fact. *See* Key Dep., 172:19-25, Randolph Dep., 28:17-24.

## 9. CLASS ACTIONS

<u>Plaintiff's position</u>: Plaintiff maintains that a viable class exists as each DSP driver has a unique ID that is tracked meticulously as to every trip, route, delivery and concession. All DSP Associates are treated uniformly and systematically as under control of Amazon and subject to termination for customer concessions.

<u>Defendant's position</u>: After the Court rules on Defendant's pending motion, if any class claims remain, the Court should schedule a Further Case Management Conference to set a schedule for briefing and oral argument on Plaintiff's anticipated Motion for Class Certification.

<u>Plaintiff's Statement under Local Rule 16-9(a):</u>

**(1) Paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action**

Pursuant to Federal Rule of Civil Procedure 23(a)(1)(2)(3)(4), this action is maintainable as a class action, and satisfies the requirements of numerosity, commonality, typicality, adequacy. Plaintiff believes this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) requiring a predominance of common questions of law and fact over individual questions and superiority of a class action over other available methods.

**(2) Description of the Class(es) and Subclasses**

The class is defined in the TAC. It relates to direct control of DSP employee deliveries, hiring and firing. Alternatively, the claim relates to Amazon's failure to comply with its "client employer" obligations under Labor Code section 2810.3 for the "labor contractors"

**(3) Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b)**

Defendant Amazon has uniform operational process for seeking DSP's in California. Plaintiff alleges that Amazon uses these agreements to provide identical control mechanisms over the daily work and duties performed by each DSP employee provider of services. Amazon, based on Plaintiff's information and belief, also controls hiring and firing of DSP employees based on meticulous records of

11

JOINT CASE MANAGEMENT STATEMENT   CASE NO. 17-CV-03488-MMC
DB2/ 35271215.1

employee performance, and can terminate a DSP employee with sufficient customer complaint or concessions related to package delivery. The DSP entities have not control over the order, manner or means of package delivery. This is a continuous, uniform, and systematic, software based practices by Amazon that makes every DSP Associate driver subject to control of Amazon under California law and applicable wage orders related to warehousing employees and parcel delivery drivers.

### (4) Hearing on Plaintiff's Motion for Class Certification

The Parties will request that the Court schedule a Further Case Management Conference to set a date to hear Plaintiff's Motion for Class Certification and set a briefing schedule, after the Court has ruled on Defendant's pending motion, if any class claims remain. Given that Defendant has not provided any discovery or any initial disclosures, Plaintiff requests that a class certification motion hearing date be set approximately 10-11 months from the date that the pleadings and any rulings on Rule 12 motions are decided.

## 10. RELATED CASES

Plaintiff's position is that there are believed to be various pending cases that may implicate Amazon as to their use of Subcontracting entities for local delivery of packages from Amazon fulfillment centers.

Defendant's position is that the putative class and PAGA actions that Plaintiff filed against 1-800 Courier are related to this litigation, as they involve identical claims alleged against her actual employer: *Jasmine Miller v. A-1 Express Delivery Service, Inc. dba 1-800 Courier*, Alameda County Superior Court, No. RG16831996, and *Jasmine Miller v. A-1 Express Delivery Service, Inc. dba 1-800 Courier*, Alameda County Superior Court, No. RG16839096. Also, after Plaintiff this putative class action complaint, a week later she filed a putative PAGA-only action against Amazon in Alameda County Superior Court, entitled *Miller v. Amazon.com, LLC*, Case No. RG17856888, alleging the same facts and theories as those alleged in this action. *See* Dkt. # 45, Notice of Pendency of Other Action and Proceeding. On October 5, 2018, the court in the PAGA action granted Amazon's motion to stay that case pending the completion of this case.

Also, *Champion v. Amazon.com, LLC, NEA Delivery LLC*, Northern District of California, Case No. 3:18-cv-05222, contains a putative FLSA claim (the Seventh Cause of Action) for failure to pay employees for all hours worked that purports to encompass all delivery drivers employed nationwide by all DSPs. This claim would encompass the putative class in this case. However, the extent to which

12

JOINT CASE MANAGEMENT STATEMENT  CASE NO. 17-CV-03488-MMC
DB2/ 35271215.1

*Champion* overlaps with this case is unclear, as the "Amazon Delivery Driver Class" in *Champion* appears to include delivery drivers who were either employees of Amazon contractors or independent contractors, whereas this case involves employees of 1-800 Courier and all other California DSPs, not delivery drivers who were independent contractors.

Additionally, if Plaintiff is allowed to pursue a class action as to employees of DSPs other than 1-800 Courier, there are other pending class and/or PAGA actions in California against individual DSPs with overlapping claims, including two putative PAGA actions in California brought by plaintiffs whose deposition testimony in referenced above and attached hereto. Those cases are *Key/Vega v. Scoobeez et al.*, San Diego County Superior Court Case No. 37-2017-00018285-CU-OE-CTL, and *Randolph v. NEA Delivery, LLC, Amazon.com, LLC*, San Diego County Superior Court Case No. 37-2017-00011078. Plaintiff's counsel here represents the Plaintiff in *Randolph*. Notably, the plaintiffs in *Key/Vega* are putative class members in this case given the incredibly broad class definition.

## 11. RELIEF SOUGHT

Plaintiff's Position: Plaintiff seeks recovery of wages and expenses for which Amazon is liable as a "joint employer" of a class of hourly paid delivery drivers in California. Alternatively, Plaintiff seeks recovery of unpaid wages as permitted by California's "client employer" and "labor contractor" provisions under Labor Code section 2810.3 et seq. Plaintiff alleges that she and other similarly-situated current and former employees are entitled to recover unpaid minimum and overtime wages, rest and meal period premiums equal to one hour of pay at the employees' regular rate of compensation for each work period during which a timely rest or meal period was not provided during the applicable limitations period; reimbursement of all reasonable and necessary business expenses incurred; and all applicable penalties for inaccurate wage statements and late payment of final wages. Plaintiff is unable to provide an accurate estimate of damages at this time given that the number of putative class members, number of eligible work periods, average rate(s) of pay, and other relevant factors are unknown to Plaintiff at this time.

Defendant's Position: Because Amazon never employed Miller and did not control her wages, hours, or working conditions, it was not her joint employer. Amazon did not engage in any conduct to cause any wage and hour violations. Further, all relief sought is based on alleged conduct by various DSPs with their own policies and practices, and Plaintiff cannot establish class-wide liability under such circumstances.

Further, all relief sought by Plaintiff in this action is dependent on her establishing violations by unnamed, third-party labor contractors.

**12.     SETTLEMENT AND ADR**

Counsel have met and conferred regarding ADR and submitted a Stipulation Selecting ADR Process pursuant to ADR L.R.3-5, agreeing to participate in Private Mediation. (Dkt. No. 28)  The Parties Stipulation was adopted by the Court. (Dkt. No. 29).

Amazon does not believe private mediation can be productive with the class as presently defined in the complaint.  Any such mediation would require the participation of every DSP given indemnity agreements Amazon has with them, but no DSPs are parties to this action.  Amazon is, however, willing to conduct private mediation on Miller's individual claims or her class claims as to other employees of 1-800 Courier.  Also, the parties previously identified the Fall of 2018 as a target date for mediation, but agree that date is no longer feasible in light of the procedural posture of the case.

**13.     CONSENT TO MAGISTRATE**

<u>Plaintiff's position:</u> to the extent a Magistrate is needed for discovery purposes, Plaintiff is agreeable.

<u>Defendant's position:</u> Defendants declined to proceed before the Magistrate Judge assigned to preside over this action for all purposes, including trial (Dkt. No. 10).

**14.     OTHER REFERENCES**

Plaintiff's position is that the case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.  Any potential arbitration agreements do not include the members of the putative class in this case.

Defendant notes that some DSPs, not named, have binding and enforceable arbitration agreements containing class waivers that require individual arbitration of the putative class claims asserted in the complaint.  If Plaintiff is allowed to include employees of these DSPs in the putative class, Amazon may move to compel arbitration.

**15.     NARROWING OF ISSUES**

The Parties believe at this time it is premature to enter into any agreement or stipulation regarding this matter.

14

**16. EXPEDITED TRIAL PROCEDURE**

The Parties agree that this matter is unsuitable to be handled under the Expedited Trial Procures of General Order No. 64.

**17. SCHEDULING**

Plaintiff maintains that limited discovery should proceed but understands that the pending motions may require reasonable limitations until the pleading issues are determined.

Defendant believes any scheduling is premature until the Court rules on Defendant's pending motion.

**18. TRIAL**

Plaintiff's Position: Plaintiff has requested a jury trial for all claims so triable. Plaintiff estimates trial of the matter, if certified, will last up to 7-10 days in a Liability Phase, and if a Damages Phase is required, that phase is estimated to be 3-4 days. Plaintiff cannot provide a specific number of witnesses he intends to call but estimates approximately 14-18 witnesses to testify at trial including experts. If the matter is not certified, Plaintiff anticipates trial will last no longer than two days and that she will call approximately 3-4 witnesses.

Defendant's Position: In light of the challenged scope of the putative class given Amazon's pending motion, Amazon believes it is premature to provide a trial estimate as to any possible class trial. However, if Plaintiff were allowed to have a trial trying to establish liability and damages as to drivers employed by every DSP Amazon has ever contracted with to provide delivery services, the trial would be wholly unmanageable as countless policies and practices of all such DSPs would be at issue and there would need to be testimony and individual determinations as to over 7,000 employees and various managers and supervisors of all such DSPs.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-15, Defendant has submitted a certification reporting all interested entities on behalf of Defendant.

Defendant intends to file an amended certification listing Plaintiff's former employer, A-1 Express Delivery Service, Inc. dba 1-800 Courier, as an interested party. If Plaintiff is allowed to proceed with her present class definition, every DSP will need to be listed as interested parties, and Amazon contends they

15

would be necessary parties who would all need to be added as defendants.

Plaintiff has not yet filed her certification, but will do so prior to the scheduled Case Management Conference.

## 20. PROFESSIONAL CONDUCT

The Parties have reviewed the Guidelines for Professional Conduct as provided on the Court's Website, and agree to uphold their duties of professionalism to their clients, opposing parties and their counsel, the court, and the public as a whole.

## 21. OTHER MATTERS

There are no further matters.

Dated: October 26, 2018

COHELAN KHOURY & SINGER
LAW OFFICES OF RONALD MARRON

By     /s/ *J. Jason Hill*
Michael D. Singer
J. Jason Hill
Attorneys for Plaintiff
JASMINE MILLER

Dated: October 26, 2018

MORGAN, LEWIS & BOCKIUS LLP

By     /s/ *Brian D. Fahy*
John S. Battenfeld
Brian D. Fahy
Attorneys for Defendant
AMAZON.COM LLC

## Attestation Regarding Signatures

I, Brian D. Fahy, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 26, 2018

MORGAN, LEWIS & BOCKIUS LLP

By     /s/ *Brian D. Fahy*
Brian D. Fahy
Attorneys for Defendant
AMAZON.COM, LLC