United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM INC.,<br><br>    Defendant. | Case No. 17-cv-03488-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS; AFFORDING PLAINTIFF LIMITED LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant Amazon.com, LLC's ("Amazon") Motion, filed May 29, 2018, "to Strike Class Allegations and Dismiss Portions of the Third Amended Complaint." Plaintiff Jasmine Miller ("Miller") has filed opposition, to which Amazon has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In the operative complaint, the Third Amended Class Action Complaint ("TAC"), Miller alleges she was hired in April 2016 by 1-800 Courier as a "Delivery Associate," an "hourly non-exempt" position. (See TAC ¶¶ 3, 15, 26, Ex. 5.)[2] Specifically, Miller alleges, "she was assigned to an account to provide package pick-up and delivery services for Amazon out of Amazon's hub/terminal located at 990 Beecher Street in San Leandro,

---

[1] By order filed July 20, 2018, the Court took the matter under submission.

[2] At times, Miller refers to her job as "Delivery Driver." (See, e.g., TAC ¶ 29.) The Court understands both "Delivery Associate" and "Delivery Driver" to be titles for the same position.

California." (See TAC ¶ 23.)  According to Miller, she was hired by 1-800 Courier "with the approval of Amazon" (see TAC ¶ 26), which, Miller alleges, was her "joint employer" (see TAC ¶ 3).

In support of her allegation of joint employment, Miller alleges that, while so employed, she drove a vehicle and wore a uniform with "Amazon's logo" (see TAC ¶ 15), and that Amazon "directed and controlled all aspects [of her work], including the order of package delivery and minute details of delivery situations and/or working conditions" (see TAC ¶ 18), by use of "electronic devices it issued," such as a "handheld Rabbit device" (see TAC ¶¶ 28, 54).  Further, Miller alleges, "Amazon unilaterally set[ ] Delivery Drivers' work schedules" (see TAC ¶ 31), as well as "compensation structures, wages and pay rates, bonus programs, and incentives" (see TAC ¶ 29).  According to Miller, Amazon also had the "power to discipline and terminate Delivery Drivers." (See id.)  Miller alleges she was terminated on July 28, 2016 (see TAC ¶ 15), which termination, she further alleges, "was a direct decision by Amazon" (see TAC ¶ 27).

Next, Miller alleges that, during the course of her employment, she was denied "off-duty" meal periods and rest periods (see TAC ¶ 39), and that, when such periods were not provided, she did not receive "premiums" for the missed periods (see TAC ¶¶ 43, 45).  Miller also alleges that she was "not paid for at least 3-4 hours of work during the first few weeks of work because Amazon deemed [her] delivery times inadequate" (see TAC ¶ 50), that she was "often" required to work "several hours a day with no compensation at all," in that she was "required to clock out at the end of [her] scheduled hours" and "then continue delivering the packages on [her] route that day" (see TAC ¶ 52), and that she was "regularly denied overtime premium compensation" (see TAC ¶ 53).  Miller further alleges she was "required to carry and use [her] personal cell phone[ ] for scheduling purposes and maintaining communication with dispatch and the warehouse – all without any reimbursement of any kind," and was not reimbursed for expenditures she incurred for "parking, parking citations [and] tolls." (See TAC ¶ 61.)
//

Based on the above allegations, Miller, on her own behalf and on behalf of a putative class, asserts in the TAC the following nine Causes of Action: (1) "Failure to Provide Regular Pay/Minimum Wages"; (2) "Failure to Provide Overtime Premium Pay"; (3) "Failure to Provide Meal Periods and/or Meal Period Premium Pay"; (4) "Failure to Provide Rest Periods and Rest Period Premium Pay"; (5) "Failure to Reimburse for Necessary Expenditures Incurred"; (6) "Failure to Provide Accurate Wage Statements & Keep Accurate Payroll Records"; (7) "Failure to Timely Pay Wages Owed"; (8) "Failure to Provide Adequate Contracting Compensation"; and (9) "Violation of California's Unfair Competition Law."

**DISCUSSION**

By order filed March 29, 2018 ("March 29 order"), the Court granted in part and denied in part Amazon's motion to dismiss the Second Amended Class Action Complaint ("SAC"). In particular, the Court dismissed for failure to state a claim all causes of action in the SAC other than the Fifth Cause of Action, by which Miller alleged she was not reimbursed for necessary expenditures, and the portions of the Sixth and Ninth Causes of Action that were derivative of the Fifth Cause of Action. The Court afforded Miller leave to amend the dismissed claims, after which Miller filed the TAC.

By the instant motion, Amazon argues that, with respect to the dismissed claims, Miller has failed to cure the deficiencies identified in the Court's March 29 order. In addition, Amazon argues, Miller's class action allegations should be stricken.

**A. Motion to Dismiss**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

3

allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

The Court next considers each cause of action challenged by the instant motion.

**1. First Cause of Action**

In the First Cause of Action, titled "Failure to Provide Regular Pay/Minimum Wages," Miller alleges that, in violation of § 1194 of the California Labor Code, she worked a number of hours for which she received no pay. See Cal. Lab. Code § 1194(a) (providing "employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage"); Industrial Welfare Commission Order No. 9-2001 § 4 (providing employer must pay each employee "not less than ten dollars ($10.00) for all hours worked, effective January 1, 2016"). "The minimum wage standard applies to each hour worked by [employees] for which they [are] not paid." Armenta v. Osmose, Inc., 135 Cal. App. 4th 314, 321-24 (2005) (rejecting argument that employer "should be entitled to divide the total number of hours worked into the amount the employee [is] paid to arrive at an average hourly wage and then determine whether the employee's compensation complie[s] with the minimum wage law").

4

In its March 29 order, the Court dismissed the claim, as alleged in the SAC, for the reason that Miller had failed to comply with the pleading standards set forth in Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014), which standards require a plaintiff to "allege facts showing that there was a given week in which [she] was entitled to but denied minimum wages or overtime wages," see id. at 645.

Contrary to Amazon's argument, Miller has cured the deficiency previously identified. In particular, Miller alleges, during her "first two weeks of employment," she "clocked in on her personal smartphone" at 8:00 a.m. "using the TimeForce application as required"[3] and "would not clock out of work on her application until around 9:30 to 9:45 p.m. every night," but was "paid straight time as if she clocked out at 7:00 p.m." (See TAC ¶¶ 54, 56, 58, 92.) Additionally, Miller alleges that, in the weeks following those "initial two weeks," she normally "returned to the terminal at or around 7:00 p.m. since the 8:00 a.m. to 7:00 p.m. [period] was the maximum that she would be paid," but, "about 2-3 hours per workweek," she "deliver[ed] packages after 7:00 p.m.," hours for which she was not paid. (See TAC ¶ 58.)

To the extent Amazon argues the claim fails because Miller alleges that 1-800 Courier was the entity that engaged in the "furnishing of wages" (see TAC ¶ 2) and does not allege facts to support a finding that Amazon "caused her to work unpaid hours" (see Def.'s Mot. at 7:20-21), the Court again disagrees. The Court acknowledges that "normally" one employer is not "jointly liable for Labor Code violation[s] committed by a co-employer." See Noe v. Superior Court, 237 Cal. App. 4th 316, 332 (2015). Under § 1194, however "every employer is liable to its employees for unpaid minimum wage and overtime compensation," and, consequently, § 1194 "permits an employee with multiple employers to seek recovery from any of them." See id. at 333 (holding § 1194 "imposes a duty on every employer to ensure its employees receive minimum wage and

---

[3] According to Miller, her "clock-in/clock-out times, as well as meal periods taken (if any), were logged and tracked through a downloaded application . . . on her personal cell phone called 'iSolved and/or TimeForce.'" (See TAC ¶ 24.)

overtime compensation").[4]

Lastly, the Court disagrees with Amazon's argument that this claim, as well as various other claims, are barred by the doctrine of judicial estoppel, in light of Miller's having alleged in an earlier-filed action in state court that 1-800 Courier was her employer, that 1-800 Courier failed to pay wages to which she was due, and that 1-800 Courier otherwise violated California wage and hour laws. (See Def.'s Req. for Judicial Notice, filed May 29, 2018, at 2:1-8; Def.'s Req. for Judicial Notice, filed February 5, 2018, Ex. A.) Amazon points to no admission by Miller in the prior action that 1-800 Courier was her sole employer, or any other statement that would be inconsistent with a finding that Amazon was, along with 1-800 Courier, her joint employer. See New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (holding "doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding") (internal quotation and citation omitted).

Accordingly, Amazon has not shown the First Cause of Action is subject to dismissal.

**2. Second Cause of Action**

In the Second Cause of Action, titled "Failure to Provide Overtime Premium Pay," Miller alleges that, in violation of § 1194, she worked hours in excess of eight hours per workday or forty hours per workweek without receiving overtime pay. See Cal. Lab. Code § 1194(a) (providing "any employee receiving less than the . . . legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation"); Cal. Code Regs. tit. 8, § 11090(3)(A) (providing employee "shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless" employee is paid overtime).

---

[4]Amazon does not challenge the sufficiency of Miller's allegations that 1-800 Courier and Amazon were Miller's joint employers.

6

In its March 29 order, the Court dismissed the claim, as alleged in the SAC, for the reason that Miller had failed to comply with the pleading standards set forth in Landers, which standards, as noted above, require a plaintiff to "allege facts showing that there was a given week in which [she] was entitled to but denied . . . overtime wages." See Landers, 771 F.3d at 645.

Contrary to Amazon's argument, Miller has cured the deficiency previously identified. Specifically, the above-quoted new allegations asserted in support of the First Cause of Action are sufficient to identify the weeks in which Miller alleges she worked more than eight hours a day and more than forty hours a week without receiving overtime wages. Further, Miller's allegation that 1-800 Courier, rather than Amazon, paid her salary is insufficient to bar a claim against Amazon. See Noe, 237 Cal. App. 4th at 333-34 (holding § 1194 "imposes a duty on every employer to ensure its employees receive . . . overtime compensation").

Accordingly, Amazon has not shown the Second Cause of Action is subject to dismissal.

### 3. Third Cause of Action

In the Third Cause of Action, titled "Failure to Provide Meal Periods and/or Meal Period Premium Pay," Miller alleges that, during her employment with 1-800 Courier and Amazon, she was not provided uninterrupted meal periods or payments to compensate for missed meal periods.

Where an employee works "more than five hours," the employer must provide the employee with a "meal period of not less than 30 minutes," see Cal. Lab. Code § 512, during which period the employer must "relieve[ ] its employee[ ] of all duty, relinquish[ ] control over [the employee's] activities," and must not "impede or discourage" the employee from "tak[ing] an uninterrupted 30-minute break," see Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1040 (2012). Where a joint employer relationship exists, "every employer" has an "affirmative obligation . . . to authorize and provide legally required meal . . . breaks; if it fails to do so, it has violated the law and is liable." See

1  Benton v. Telecom Network Specialists, Inc., 220 Cal. App. 4th 701, 728 (2013). In

2  particular, "[i]f an employer fails to provide a meal . . . period in accordance with state

3  law, . . . the employer shall pay the employee one additional hour of pay at the

4  employee's regular rate of compensation for each workday that the meal or rest or

5  recovery period is not provided," Cal. Lab. Code § 226.7(c), which payment has been

6  described as "premium pay," see Brinker, 53 Cal. 4th at 1039.

In its March 29 order, the Court dismissed the claim, as alleged in the SAC, for the reason that Miller had not alleged sufficient facts to support a finding that Amazon failed to provide her with a meal period.

Contrary to Amazon's argument, Miller has cured the deficiency previously identified. Miller alleges that the "scheduling software which controls where and when employees will deliver packages" had "no meal or rest periods programmed into the software or into any employee's route" (see TAC ¶ 42), that she was "not even advised as to when or how [she was] to take break periods" (see TAC ¶ 43), and that, during her workday, she was not allowed to "turn off key electronic devices," specifically, her "cell phone and Rabbit" (see TAC ¶¶ 42-43).[5] Miller also alleges that, "within less than 5 minutes" of missing a "call, email, text or inquiry on either the Rabbit, or her personal cell phone[ ]" that related to an Amazon delivery, she was "required" to respond. (See TAC ¶ 47.) Additionally, Miller alleges, Amazon scheduled her "for numerous time-consuming deliveries and lengthy delivery routes that prevented [her] from completing [her] daily activities if uninterrupted off-duty meal and rest periods were taken," and, she alleges, if she "ever failed to complete all work-related duties (including deliveries)," she "would be subject to potential disciplinary measures." (See TAC ¶ 40.) For example, Miller alleges, she was disciplined in the form of a three-day suspension for assertedly engaging in "sandbagging" (see TAC ¶ 35), a term allegedly used by Amazon to refer to a practice in

---

[5] Miller alleges that Amazon employees use "hand-held Rabbit scanners" (see TAC ¶ 29), which device is used to track "all actual package handling – delivered or returned" (see TAC ¶ 24).

8

which an employee's truck has, according to a "GPS device mounted on the truck," a period of "non-movement" of "over 20-25 minutes" (see TAC ¶ 43). Read together, Miller's allegations are sufficient to plausibly allege that Amazon "impeded or discouraged" her from taking an "uninterrupted 30-minute break." See Brinker, 53 Cal. 4th at 1040.

Amazon next argues that, in the event Miller prevails on the claim, she is not entitled to obtain prejudgment interest, one of the remedies she seeks. (See TAC ¶ 122.) As to this argument, the Court agrees. Although prejudgment interest is available as a remedy in an "action brought for the nonpayment of wages," see Cal. Lab. Code § 218.6, a claim challenging the denial of meal or rest breaks is not an "action brought for the nonpayment of wages," see Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1256-57 (2012) (acknowledging remedy for failure to provide meal or rest break is "properly characterized as a wage," but holding "the legal violation is nonprovision of meal or rest breaks," not failure to pay wages).

Accordingly, with the exception of Miller's claim for prejudgment interest, Amazon has not shown the Third Cause of Action is subject to dismissal.

**4. Fourth Cause of Action**

In the Fourth Cause of Action, titled "Failure to Provide Rest Periods and Rest Period Premium Pay," Miller alleges that, during her employment with 1-800 Courier and Amazon, she was not provided uninterrupted rest periods or payments to compensate for missed rest periods.

"An employer shall not require an employee to work during a . . . rest . . . period mandated pursuant to an . . . order of the Industrial Welfare Commission ('IWC')." See Cal. Lab. Code § 226.7(b). The IWC has ordered that "[e]very employer shall authorize and permit all employees to take rest periods," and that "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." See Cal. Code Regs. tit. 8, § 11090(12)(A). Where a joint employer relationship exists, "every employer" has an "affirmative

9

obligation . . . to authorize and provide . . . rest breaks." See Benton, 220 Cal. App. 4th at 728. If an employee is not provided a rest period in which the employee is "relieve[d]" of "all duties," the employee is entitled to receive "premium pay." See Augustus v. ABM Security Services, Inc., 2 Cal. 5th 257, 272 (2016).

In its March 29 order, the Court dismissed the claim, as alleged in the SAC, for the reason that Miller had failed to allege sufficient facts to support a finding that Amazon had not provided with her with rest periods.

Contrary to Amazon's argument, Miller, for the reasons stated above with respect to the Third Cause of Action, has cured the deficiency previously identified. See id. at 269 (holding "one cannot square the practice of compelling employees to remain at the ready, tethered by time and policy to . . . communication devices, with the requirement to relieve employees of all work duties"). As set forth above, however, Miller is not entitled to seek prejudgment interest as a remedy. See Kirby, 53 Cal. 4th at 1256-57.

Accordingly, with the exception of Miller's claim for prejudgment interest, Amazon has not shown the Fourth Cause of Action is subject to dismissal.

### 5. Fifth Cause of Action

Amazon does not seek dismissal of the Fifth Cause of Action, titled "Failure to Reimburse for Necessary Expenditures Incurred," by which Miller alleges she was not reimbursed for necessary expenditures, including "work uniform-related items, . . . necessary tools, personal communication devices, [and] supplies." (See TAC ¶ 143); see also Cal. Lab. Code § 2802(a) (providing employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties").

### 6. Sixth Cause of Action

In the Sixth Cause of Action, titled "Failure to Provide Accurate Wage Statements & Keep Accurate Payroll Records," Miller alleges her wage statements were inaccurate, in that they did not include her "true wages" (see TAC ¶ 155), in violation of § 226(a) of the California Labor Code. Section 226 provides that "[e]very employer shall . . . furnish

10

each of his or her employees . . . an accurate itemized statement showing," inter alia, "(1) gross wages earned, (2) total hours worked by the employee, . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." See Cal. Lab. Code § 226(a).

In its March 29 order, the Court dismissed the claim, as alleged in the SAC, to the extent it was derivative of claims that had been dismissed, i.e., the First through Fourth Causes of Action. As discussed above, the First through Fourth Causes of Action are no longer subject to dismissal, other than to the extent Miller seeks prejudgment interest as a remedy for two of those causes of action. Amazon argues, however, that, to the extent the Sixth Cause of Action is based on the conduct on which Miller relies to establish the Third, Fourth, and Fifth Causes of Action, it nevertheless is subject to dismissal because, Amazon contends, a § 226 claim cannot be based on an employer's failure to include in a wage statement (a) premium pay due an employee who was not provided a meal break, (b) premium pay due an employee who was not provided a rest break, or (c) necessary expenditures for which an employee is entitled to reimbursement.

Contrary to Amazon's argument, premium pay due to an employee is "a form of wages," see Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094, 1102, 1114 (2007), and, consequently, must be included on a wage statement, see Berlanga v. Equilon Enterprises LLC, 2017 WL 3782245, at *5 (N.D. Cal. 2017) (holding "claim under § 226 can be based on an alleged failure to include on a wage statement payments due for missed rest periods") (collecting cases). As to expenditures for which an employee is entitled to reimbursement, however, Miller cites no authority, and the Court has not located any, holding or suggesting such expenditures constitute wages. See Cal. Lab. Code § 200(a) (defining "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation").

Accordingly, to the extent the Sixth Cause of Action is based on expenditures alleged in the Fifth Cause of Action, it is subject to dismissal, and, in all other respects,

11

Amazon has not shown the Sixth Cause of Action is subject to dismissal.[6]

### 7. Seventh Cause of Action

In the Seventh Cause of Action, Miller alleges that, upon her termination, she was not paid all wages due her (see TAC ¶ 169), in violation of § 201, which provides that, upon termination of an employee, "wages earned and unpaid at the time of discharge are due and payable immediately," see Cal. Lab. Code § 201(a). As pleaded, the Seventh Cause of Action is derivative of the First through Fifth Causes of Action.

In its March 29 order, the Court dismissed the claim, as alleged in the FAC, for failure to allege sufficient facts to support a finding that Amazon's alleged failure to pay wages due upon termination was "willful," as specified in § 203. See Cal. Labor Code § 203(a) (providing cause of action for violation of § 201(a) if employer "willfully fails to pay"). A "willful failure" to pay wages due upon termination, for purposes of § 203, "occurs when an employer intentionally fails to pay" the wages due. See Cal. Code Regs. tit. 8, § 13520.

Amazon argues that Miller has failed to cure the deficiency identified in the March 29 order. As set forth below, the Court agrees.

In arguing that she has cured the deficiency, Miller relies on newly-added allegations that Amazon "had no mechanism to schedule meal or rest breaks, nor any mechanism to report missed meal or rest periods" (see SAC ¶ 66) and that Amazon "had the ability to determine whether its Delivery Drivers were delivering packages off-the-clock through its own software, and failed to do so" (see id.) Although said allegations may bear on the issues of whether Amazon failed to provide Miller with meal and/or rest breaks and whether Amazon failed to keep a record of all hours Miller worked, they are insufficient to support a finding that Amazon willfully, i.e., intentionally, failed to pay Miller

---

[6]The Court notes that such a claim requires a plaintiff to show a "knowing and intentional failure by an employer to comply with [§ 226(a)]." See Cal. Lab. Code § 226(e)(1). As Amazon does not argue Miller has failed to sufficiently allege facts to support such a finding, the Court does not consider herein whether she has done so.

12

wages due her at the time of her termination. Indeed, Miller alleges that 1-800 Courier was the employer who engaged in the "furnishing of wages" (see TAC ¶ 2), and does not allege that Amazon had any involvement in providing her with a final paycheck or was even aware of the amount of wages 1-800 Courier paid Miller at the time of her termination.

To the extent Miller relies on her allegation that Amazon is "directly responsible for the acts and omissions of [1-800 Courier] as a principal" (see TAC ¶ 19), the Court is not persuaded. As the California Court of Appeal has explained, there is "no authority suggesting that, under California law, joint employers are generally treated as if they were each other's agents or that joint employers are normally held jointly liable for [a] Labor Code violation committed by a co-employer." See Noe, 237 Cal. App. 4th at 332. Rather, the plaintiff must demonstrate that each employer "violated the terms of the specific Labor Code provision at issue." See id. at 333. For example, because § 1194, as noted above, has been held to "impose[ ] a duty on every employer to ensure its employees receive minimum wage and overtime compensation," a plaintiff with multiple employers is "permit[ted] . . . to seek recovery of unpaid wages from any of them." See id. Here, by contrast, § 203 contains no language suggesting an employer shall be liable for a joint employer's willful failure to pay wages, nor has Miller cited any authority holding § 203 is intended to impose such liability.

Accordingly, the Seventh Cause of Action is subject to dismissal.

Although Miller, in her opposition, requests leave to amend in the event the claim is dismissed, Miller fails to identify any additional facts she could plead in support of her claim or otherwise indicate the nature of any proposed amendment. Consequently, leave to amend will not be afforded at this time. See Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (holding district court did not err by denying request for leave to amend where plaintiff "never proffered [new] facts" it could allege; observing, "plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment

//

when prior opportunity to amend [has] been given").[7]

### 8. Eighth Cause of Action

In the Eighth Cause of Action, titled "Failure to Provide Adequate Contracting Compensation," Miller alleges that Amazon, in violation of § 2810 of the California Labor Code, entered into a contract with 1-800 Courier under which 1-800 Courier did not receive "adequate consideration" to enable it to comply with Labor Code provisions "relating to wages and hours, break periods and/or business expenses" of its employees. (See TAC ¶ 180.)[8]

Under § 2810(a), an "entity shall not enter into a contract or agreement for labor or services with a . . . warehouse contractor, where the . . . entity knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable . . . state . . . laws or regulations governing the labor or services to be provided." See Cal. Lab. Code § 2810(a).

In its March 29 order, the Court dismissed the Eighth Cause of Action, as alleged in the SAC, for the reason that the claim was not supported by sufficient facts to establish a plausible claim for relief. Amazon argues that Miller has failed to cure the deficiency identified in the March 29 order. As set forth below, the Court agrees.

In arguing that she has cured the deficiency, Miller relies on her newly added allegations that "Miller was told by terminal dock managers[9] and supervisers [sic] and learned from other delivery associate employees that package volume exceeded the hours estimated necessary to comply with California wage and hour laws, and[,] as a

---

[7] If Miller develops additional facts she could allege in support of the instant claim, Miller may file a motion for leave to amend, attaching thereto a copy of the proposed amended pleading.

[8] Said claim is pleaded in the alternative to the First through Seventh Claims, each of which is dependent on a theory that Amazon was, along with 1-800 Courier, Miller's joint employer. (See TAC ¶ 175.)

[9] The Court understands "terminal dock managers" to be a reference to Amazon employees. (See TAC ¶ 23 (alleging Miller provided "services for Amazon out of Amazon's hub/terminal" in San Leandro).)

14

result, package delivery expectation increased but hours to be paid for delivery remained the same" (see TAC ¶ 180),[10] and that 1-800 Courier was "routinely and systematically shorted on pay necessary for [it] to comply with California wage and hours laws" (see TAC ¶ 181). Such allegations are, however, legal conclusions, and, consequently, are "not entitled to the assumption of truth" at the pleading stage. See Iqbal, 556 U.S. at 678 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted). Moreover, none of said allegations, at least in the absence of additional facts, suffice to support a finding that Amazon knew or should have known that the amounts it paid 1-800 Courier would be insufficient to allow 1-800 Courier to comply with the obligations it owed Miller under the California Labor Code.

Accordingly, the Eighth Cause of Action is subject to dismissal.

Although Miller, in her opposition, requests leave to amend in the event the claim is dismissed, Miller, again, fails to identify any additional facts she could plead in support of her claim or otherwise indicate the nature of any proposed amendment, for example, an amendment to set forth any terms of the contract between Amazon and 1-800 Courier that are in contravention of § 2810. Consequently, leave to amend will not be afforded at this time. See Salameh, 726 F.3d at 1133.[11]

**9. Ninth Cause of Action**

In the Ninth Cause of Action, titled "Violation of California's Unfair Competition Law," Miller alleges Amazon has engaged in "unfair, unlawful and/or fraudulent business practices." (See TAC ¶ 192.)

//

---

[10] It is unclear whether Miller is alleging such statement was made to her or whether the allegation is a conclusion she drew based on other statements, the content of which she has not identified in the TAC.

[11] As noted above, if Miller subsequently develops additional facts, she may seek leave to amend at that time.

15

As pleaded, the Ninth Cause of Action is derivative of the First through Eighth Causes of Action, and consequently is:

    a. not subject to dismissal to the extent based on the First through Fifth Causes of Action;

    b. subject to dismissal to the extent based on the portion of the Sixth Cause of Action that is subject to dismissal; and

    c. subject to dismissal to the extent based on the Seventh and Eighth Causes of Action.[12]

**B. Motion to Strike**

As set forth above, the primary claims that will go forward as alleged on behalf of Miller[13] are that Miller was not paid any wages for certain hours she worked (First Cause of Action), that she was not paid overtime for certain hours she worked in excess of eight hours per day or forty hours per week (Second Cause of Action), that she was not provided certain meal and rest periods (Third and Fourth Causes of Action), and that she was not reimbursed for certain business expenditures (Fifth Cause of Action). With respect to each of said claims, Miller also seeks to proceed on behalf of a class defined as follows: "All current and/or former hourly (non-exempt) joint employees of Amazon . . . , who (1) worked at any time from four years prior to the date of the commencement of this action to the date of commencement of trial . . . (2) were subject to Amazon's "Delivery Associate Participant Guide" . . .; and (3) were assigned to deliver local warehouse goods of Amazon, as shown by the Amazon's delivery records." (See TAC ¶ 1.)[14]

---

[12] Amazon does not seek dismissal of the Ninth Cause of Action on grounds other than that the Causes of Action on which it is based are subject to dismissal.

[13] The other claims that will remain are derivative.

[14] Excluded from the putative class are "employees" of the "following subcontracting companies": Plethora Solutions, Inc.; SMX, LLC; Red Line Courier; BQ Express, Inc.; and NEA Delivery, Inc. (See id.)

16

Pursuant to Rule 23, "one or more members of a class may sue . . . on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a).

In the instant case, Amazon contends the class allegations should be stricken on the ground that the TAC does not include sufficient facts to support a finding that the claims are appropriate for resolution on a class-wide basis. In particular, Amazon argues, the TAC does not include facts to support a finding that, as required by Rule 23(a)(2), there exist questions of law or fact common to the proposed class.

To establish commonality, a plaintiff must "demonstrate that the class members have suffered the same injury." See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349-350 (2011) (hereinafter, "Dukes"). Specifically, such plaintiff must show the claims of the class "depend upon a common contention" that is "capable of classwide resolution," which means "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." See id. at 350.

In considering commonality at the pleading stage, a district court may strike the plaintiff's class allegations where the complaint does not show "the interests of the absent parties are fairly encompassed within the named plaintiff's claim." See General Telephone Co. v. Falcon, 457 U.S. 147, 160 (1982); see also, e.g., Shann v. Durham School Services, L.P., 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) (finding class allegations inadequate where complaint failed to identify "policy implemented by [employer] requiring its employees to work split shifts without pay"); Byrd v. Masonite Corp., 2016 WL 756523, at *4 (C.D. Cal. February 26, 2016) (striking class allegations where plaintiff failed to allege facts to support finding employer had "statewide policies or practices giving rise to [plaintiff's] causes of action" or that "member[s] of the putative class had similar work experiences").

17

Here, the putative class consists of individuals who were "initially hired by . . . staffing agencies" that deliver goods for Amazon, which individuals, Miller alleges, were jointly employed by Amazon. (See TAC ¶¶ 2, 18.) As Amazon points out, however, to the extent the TAC includes factual allegations as to commonality, such allegations are limited to descriptions of working conditions experienced by Miller and whatever putative class members likewise are alleged to have been jointly employed by Amazon and one particular staffing agency, specifically, 1-800 Courier, whereas the putative class also encompasses individuals who allegedly were jointly employed by Amazon and what would appear to be a number of other "separate entities" described by Miller as "typically small, undercapitalized staffing agencies." (See TAC ¶ 2; see also TAC ¶10 & Ex. 2 at 12 (incorporating by reference letter, sent on behalf of Miller, asserting "1 800-Courier [sic] provided Ms. Miller wage statements through the iSolved Time app." that "failed to accurately list . . . total hours worked"); TAC ¶ 35 & Ex. 6 (incorporating by reference email, sent by 1-800 Courier to Miller, criticizing her "work performance" as having "slowed down" and attaching "1-800 Courier Employee Disciplinary Action Form").)

To the extent Miller endeavors to include additional putative class members, her allegations are conclusory in nature and devoid of supporting facts. (See, e.g., TAC ¶ 73 (identifying, as "common questions": "i. [w]hether Amazon . . . fail[ed] to compensate [p]laintiff and [c]lass [m]embers mandated minimum wages and/or regular pay for regular hours worked"; "ix. [w]hether Amazon . . . failed to provide [p]laintiff and [c]lass [m]embers accurate itemized wage statements").) Although, as Miller points out, a question likely exists as to whether Amazon is in fact a joint employer, such question will not "resolve an issue that is central to the validity of each one of the claims in one stroke." See Dukes, 564 U.S. at 350; id. at 349-50 (citing as example of question "not sufficient to obtain class certification": "Do all of us plaintiffs indeed work for Wal-Mart?"; noting "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury") (internal quotation and citation omitted).

//

18

Accordingly, the class allegations will be stricken for failure to plead commonality.[15]

## CONCLUSION

For the reasons stated above, Amazon's motion is hereby GRANTED in part and DENIED in part, as follows:

1. The Third and Fourth Causes of Action are DISMISSED to the extent plaintiff seeks prejudgment interest.

2. The Sixth Cause of Action is DISMISSED to the extent it is based on expenditures alleged in the Fifth Cause of Action.

3. The Seventh and Eighth Causes of Action are DISMISSED in their entirety.

4. The Ninth Cause of Action is DISMISSED to the extent it is derivative of the portion of the Sixth Cause of Action that has been dismissed, and to the extent it is derivative of the Seventh and Eighth Causes of Action.

5. The class action allegations are STRICKEN, with leave to amend as set forth below.

6. In all other respects, the motion is DENIED.

If Miller wishes to file a Fourth Amended Complaint for purposes of amending her class action allegations, Miller shall file said amended pleading no later than January 4, 2019.

Lastly, the Case Management Conference is hereby CONTINUED from January 11, 2019, to March 29, 2019, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than March 22, 2019.

**IT IS SO ORDERED.**

Dated: December 6, 2018

MAXINE M. CHESNEY
United States District Judge

---

[15] In light of such finding, the Court does not address herein Amazon's additional arguments that Miller's claims are not typical of those of the class and that individual questions predominate over common questions.

19