1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE MILLER, | Case No. 17-cv-03488-MMC |
| Plaintiff, | |
| v. | **ORDER AFFORDING DEFENDANT OPPORTUNITY TO FILE SUPPLEMENT TO DECLARATION RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL** |
| AMAZON.COM INC., | |
| Defendant. | |

Before the Court is plaintiff's "Administrative Motion to File Document Under Seal," filed February 15, 2019, by which motion plaintiff seeks leave to file under seal an unredacted version of the Fourth Amended Complaint ("4AC"),[1] on the ground that said unredacted version contains information defendant asserts is confidential.[2]

Under the Local Rules of this District, where a party seeks to file under seal material designated confidential by another party, the submitting party must file a motion for a sealing order, see Civil L.R. 79-5(d)-(e), and "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable," see Civil L.R. 79-5(e)(1).

//

---

[1]A redacted version of the 4AC has been filed in the public record.

[2]Plaintiff's counsel states he "has no personal knowledge as to why information in the [4AC] is confidential or why it should be kept under seal." (See Marron Decl. ¶ 3.)

Here, although defendant has not filed a declaration in response to plaintiff's administrative motion, it appears defendant is relying on a declaration by defendant's counsel, filed February 5, 2019, in support of a stipulation to withdraw a prior version of the 4AC, which pleading, according to said declarant, contained confidential information. The Court next considers whether the above-referenced declaration establishes that the operative 4AC, which version was filed after the above-referenced 4AC was withdrawn, contains sealable material.  See id.[3]

In his declaration, counsel states the 4AC includes "information about Amazon's business that Amazon considers confidential, that has not been publicly disclosed, and that was designated as 'Confidential' before being disclosed to [p]laintiff's counsel in discovery in another litigation pursuant to the terms of a Protective Order." (See Battenfeld Decl. ¶ 3.)  Further, according to said declarant, public disclosure of the subject  information would "enable Amazon's competitors to imitate or possibly exploit [such] information" (see id. ¶ 9), "would substantially undermine Amazon's ability to compete in the market" (see id. ¶ 10), and "could place Amazon at a serious competitive disadvantage" (see id.)

A party seeking to seal a "judicial record," such as portions of a complaint, "must articulate compelling reasons supported by specific fact[s] . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations, alteration and citations omitted); see also, e.g., Delphix Corp. v. Actifio, Inc., 2014 WL 4145520, at *2 (N.D. Cal. August 20, 2014) (considering whether movant established "sufficiently compelling reasons" to seal portions of proposed amended complaint).  A showing that consists of "conclusory statements about the content of the documents – that they are confidential and that, in

_____

[3]The version of the 4AC that was withdrawn and the operative version of the 4AC are materially indistinguishable.

1  general, their production [to the public] would hinder [the designating party's] future

2  operations" – is insufficient to establish the requisite "compelling reasons." <u>See</u>

3  <u>Kamakana</u>, 447 F.3d at 1182; <u>see also</u> <u>Oliner v. Kontrabecki</u>, 745 F.3d 1024, 1026-27

4  (9th Cir. 2014) (holding "conclusory statement that publication of the [court document] will

5  injure the [designating party] in the industry and local community falls woefully short of

6  the kind of showing which raises even an arguable issue as to whether it may be kept

7  under seal") (internal quotation and citation omitted).

8       Here, the declaration on which defendant relies consists of general, conclusory

9  statements, and, consequently, is insufficient to establish that any portion of the 4AC is

10  properly filed under seal.[4]  Moreover, defendant's designations appear overbroad, as

11  some of the information designated confidential is publicly available in prior versions of

12  the complaint or in portions of the current version that have filed in the public record.

13  (<u>Compare</u> Third Amended Complaint at 15:18-27 <u>with</u> 4AC at 38:25-26; 4AC at 9:4-8 <u>with</u>

14  4AC at 18:20-23; 4AC at 2:18-19 <u>with</u> 4AC at 32:12);[5] <u>see</u> <u>Kamakana</u>, 447 F.3d at 1184

15  (affirming district court's decision denying request to seal portions of document that were

16  "already publicly available").

17       Under the circumstances, rather than deny the motion at this time, the Court will

18  afford defendant an opportunity to supplement its showing.  Defendant's supplement, if

19  any, shall be filed no later than March 4, 2019.

20       **IT IS SO ORDERED.**

21

22  Dated:  February 26, 2019.

23                      MAXINE M. CHESNEY

                    United States District Judge

24

25      [4]Defendant's disclosure of the information under the terms of a protective order is

26  not, by itself, sufficient to establish sealability.  <u>See</u> Civil L.R. 79-5(d)(1)(A); <u>see also</u> Civil
L.R. 79-5(e)(1).

27      [5]The above examples are intended to be illustrative rather than a comprehensive

28  listing of all such instances.