1  MORGAN, LEWIS & BOCKIUS LLP
   John S. Battenfeld, Bar No. 119513
2  john.battenfeld@morganlewis.com
   Max Fischer, Bar No. 226003
3  max.fischer@morganlewis.com
   Brian D. Fahy, Bar No. 266750
4  brian.fahy@morganlewis.com
   300 South Grand Avenue
5  Twenty-Second Floor
   Los Angeles, CA 90071-3132
6  Tel:  +1.213.612.2500
   Fax:  +1.213.612.2501
7
   MORGAN, LEWIS & BOCKIUS LLP
8  Amy A. McGeever, Bar No. 296758
   amy.mcgeever@morganlewis.com
9  One Market, Spear Tower
   San Francisco, CA 94105-1596
10 Tel:  +1.415.442.1000
   Fax:  +1.415.442.1001
11
   Attorneys for Defendant
12 Amazon Logistics, Inc., incorrectly sued as
   AMAZON.COM, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>Defendants. | Case No. 3:17-cv-03488-MMC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; [PROPOSED] ORDER**<br><br>[*Declaration of Brian D. Fahy Filed Concurrently Herewith*]<br><br>[N.D. Cal. L.R. 3-12, 7-11] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 3:17-CV-03488-MMC

Pursuant to Civil L.R. 3-12(b), Defendant Amazon.com, LLC ("Amazon") hereby submits this Administrative Motion to Consider Whether Cases Should be Related.

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. *Jasmine Miller v. Amazon.com, LLC*; Case No. 3:17-cv-03488-MMC

On April 11, 2017, Plaintiff Jasmine Miller ("Miller" or "Plaintiff"), a former employee of A-1 Express, a third-party Delivery Service Provider ("DSP") that provides delivery services to Amazon customers in the "last mile" space, filed a putative class action complaint against Amazon in Alameda County Superior Court. The lawsuit alleged that Amazon was her joint employer and on that basis, asserted a variety of wage and hour claims, including failure to pay overtime and minimum wages, failure to provide meal and rest breaks, failure to reimburse business expenses, failure to pay wages to separated employees, failure to provide accurate wage statements, and unfair competition. On May 10, 2017, Plaintiff filed her First Amended Complaint ("FAC"), which added a claim for violation of Labor Code section 2810. In her FAC, Miller sought to represent an expansive statewide class comprised of:

> All current and/or former hourly (non-exempt) employees of AMAZON and DOES 1 through 500, inclusive ("Joint Employer Defendants"), including the employees of any subcontractor of AMAZON, who (1) worked at any time from four years prior to the date of the commencement of this action to the date of commencement of trial (the proposed "Class Period"); (2) held the positions of "messenger," "courier," "delivery driver," and/or other similar designation(s) ("Delivery Drivers"); and (3) were assigned to deliver local warehouse goods of AMAZON and/or DOES 1 through 500 within the State of California, as shown by the Joint Employer Defendants' employment records.

*Miller*, Dkt. # 1-1, ¶ 1. On June 15, 2017, Amazon timely removed the action to this Court under CAFA. *See* Dkt. #1. *Miller* is pending before Senior District Judge Chesney.

On January 1, 2018, Plaintiff filed her Second Amended Complaint ("SAC") adding limited carve-outs to the expansive class, based on certain pending litigation against other DSPs. *See* Dkt. # 30. Amazon subsequently moved to dismiss and strike Plaintiff's SAC on various grounds. On March 29, 2018, Judge Chesney issued an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, finding the SAC contained insufficient factual support for Plaintiff's claims and denying without prejudice Defendant's Motion to Strike. *See* Dkt. # 31.

///

On April 27, 2018, Plaintiff filed her Third Amended Complaint ("TAC") wherein she defined the putative class as follows:

> All current and/or former hourly (non-exempt) joint employees of AMAZON ("Joint Employer Defendants"), who (1) worked at any time from four years prior to the date of the commencement of this action to the date of commencement of trial (the proposed "Class Period"); (2) were subject to Amazon's "Delivery Associate Participant Guide" [Attached as Exhibits 3 & 4 and incorporated herein]; and (3) were assigned to deliver local warehouse goods of AMAZON, as shown by the AMAZON's delivery records.

*See* Dkt. # 47, ¶ 1. The TAC also included limited carve-outs for employees of certain DSPs in other ongoing litigation, including employees of NEA Delivery, LLC. *See id.*

On April 29, 2018, Amazon filed a motion to dismiss and strike Plaintiff's TAC, asserting that Plaintiff had failed to cure the deficiencies in her Complaint and that the expansive class allegations should be stricken. Dkt. # 49. On December 6, 2018, Judge Chesney issued her Order Granting in Part and Denying in Part the Motion. *See* Dkt. # 64. The Order dismissed with prejudice portions of Plaintiff's sixth, seventh, and eighth causes of action. *See id*. It also granted Amazon's Motion to Strike the class allegations (with leave to amend) for failure to plead commonality, finding them to be "conclusory in nature and devoid of supporting facts." *See id*.

Following the Court's December 6, 2018 Order, the Parties have since engaged in further pleading and motion practice concerning Plaintiff's attempt to file a Fourth Amended Complaint. On March 19, 2019, the parties filed a Joint Stipulation to Withdraw the Fourth Amended Complaint, Stay the Case, and Continue the Case Management Conference and Related Deadlines by Six Months. *See* Dkt. #77. On March 21, 2019, the Court granted the stipulation. *See* Dkt. #78. Under the stipulation, a Fourth Amended Complaint can be filed at a later date.

**B.** ***Yolanda Champion v. Amazon.com LLC. et al.*****; Case No. 3:18-cv-05222-EMC**

On August 24, 2018, Plaintiff Yolanda Champion ("Champion") filed a putative class action against Defendants Amazon.com, LLC, NEA Delivery, LLC, and Does 1 through 100, inclusive, in the Northern District of California. *See Champion* Dkt. #1. Champion's complaint pled a vague and conclusory class definition of: "[a]ll persons hired directly by Amazon and/or staffing agencies and/or any other third parties or were designated as independent contractors,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

2

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 3:17-CV-03488-MMC

who worked as "delivery drivers" and/or with similar job titles or duties in California…" during the four years prior to the filing of Champion's complaint. *Champion* Dkt. #1, ¶¶12-13. Champion also asserts a putative FLSA claim, which defines the putative collective action as follows: "All Amazon Delivery Driver Class members who worked in the United States from September 27, 2013 through the present." *See id.* Following the same joint employer theories of liability and attempt to base a class action on the employment practices of numerous delivery service provider employers alleged in *Miller*, Champion asserts similar claims for failure to pay wages, failure to provide meal and rest breaks, failure to provide accurate wage statements, failure to pay all final wages, and unfair competition. *See id.*, ¶¶ 46-137. *Champion* was assigned to, and is currently pending before, the Honorable District Judge Edward M. Chen.[1]

Following the filing of the *Champion* complaint, counsel for the Parties have engaged in a series of meet and confer conversations to attempt to clarify the scope of the vague and ambiguous class definition, in light of other pending litigation, including *Miller*. *See* Declaration of Brian D. Fahy ("Fahy Decl.") at ¶ 3. Champion's counsel have declined to limit the scope of the *Champion* action to employees of her employer, NEA, or stay or dismiss the case due to other pending actions that assert similar wage and hour claims on behalf of NEA delivery drivers in California.[2] *See id.* Instead, Plaintiff's counsel in *Champion* have confirmed that Champion seeks to certify a class of all drivers of all DSPs in California. *See id.*, ¶ 4. Based on these communications, it is now apparent that the class sought to be certified in *Champion* is substantially similar to the "all DSP" class alleged in *Miller*, which this Court has addressed and stricken in its order dated December 6, 2018.

On April 8 and 9, 2019, counsel for Amazon met and conferred with Champion's counsel per L.R. 7-11 and requested that Champion stipulate to relate her action to the *Miller* action. Counsel for Plaintiff Champion have to date not agreed to do so. *See* Fahy Decl., ¶ 5.

---

[1] The defendants in *Champion* have not yet responded to the complaint; their deadline to do so is April 24, 2019. *See Champion* Dkt. #24. The initial CMC is April 16, 2019. *See id.* Dkt. #27.

[2] Those actions include: *Randolph v. NEA Delivery, LLC, Amazon.com, LLC*, San Diego County Superior Court Case No. 37-2017-0011798; *Thomas v. NEA Delivery, LLC, Avitus, Inc.*, Alameda County Superior Court Case No. RG17855208. Fahy Decl., ¶ 3.

## II. THE SUBSEQUENTLY-FILED *CHAMPION* ACTION IS RELATED TO THE FIRST-FILED *MILLER* ACTION PENDING BEFORE JUDGE CHESNEY

Under the Local Rules, cases are "related" when "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a). Here, based on recent discussions concerning the class definition, it is now clear that *Champion* is related to the first-filed *Miller* action because the cases involve substantially the same parties, and arise from the same transactions or events. In light of the fact that Judge Chesney has already expended time and effort on law and motion matters in *Miller* that will also be raised in *Champion*, and to prevent future duplication of court resources and the potential risk of conflicting results, these cases should be related.

### A. The Two Cases Concern Substantially the Same Parties, Property, Transactions, or Events.

As required by Civ. L.R. 3-12(b)(1), the *Champion* and *Miller* actions concern substantially the same parties, property, transactions or event. First, the parties are substantially the same. As clarified by Plaintiff's counsel, the alleged putative California classes in both the *Champion* and *Miller* actions cover substantially the same California delivery drivers. While employees of NEA were excluded from the class definition in the TAC in *Miller*, Miller's counsel has stated an intent to include them in the Fourth Amended Complaint, the class definitions in any event substantially overlap because both actions seek to encompass all, or nearly all, employees of all DSPs in California. Also, the named Defendant in both actions is Amazon.com, LLC.

Second, both actions involve substantially the same "transactions or event" as they both allege liability against Amazon based on a joint employment theory for claims that arise from alleged violations of California wage and hour laws where third-party DSPs employed California-based delivery drivers to deliver Amazon packages. The *Miller* TAC defines the putative class as individuals who were "initially hired by…staffing agencies" that deliver packages for Amazon, and Miller alleged that Amazon jointly employed those individuals. *Miller* TAC, ¶¶ 2, 18, 19. Likewise, Plaintiff Champion's putative class includes "[a]ll persons [in California] hired directly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

4

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 3:17-CV-03488-MMC

by Amazon and/or any staffing agencies," (*Champion* Complaint, ¶ 13), and *Champion* alleges that Amazon jointly employed all DSP employees. *See id.*, ¶¶ 21-32. Thus, both actions pursue the unique class definition where delivery drivers of numerous DSPs are sought to be included in the same class based on the fact that Amazon was a customer for whom deliveries were made. This theory, and joint employer allegations, are the basis for all of the causes of action alleged against Amazon in the two substantially similar actions. This Court has already addressed this theory at the pleading stage in its Order concerning the *Miller* TAC. *Miller* Dkt. # 64. The class allegations in *Champion* raise the same issues this Court has addressed in *Miller*.

Finally, both actions allege violations of Labor Code §§ 203, 218.6, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198 as to California delivery drivers. They should be related.

### B. Conducting the *Champion* Action before a Different Judge Will Result in a Duplication of Court Resources and Risk Conflicting Results.

There will be an unduly burdensome duplication of judicial resources, and potentially conflicting results, if *Champion* is conducted before any judge other than Judge Chesney. In *Miller*, Judge Chesney has already expended substantial time considering and ruling on motions relating to the issues posed by the unique class allegations and theories present in both *Champion* and *Miller* that seek to represent a state-wide California driver class comprised of the employees of largely unnamed third-party DSPs. Substantially, the same motions that Amazon filed in *Miller*, and that this Court has already ruled on, will be filed in *Champion*. If Amazon's motions are considered and decided by another judge, that judge necessarily will duplicate efforts to address the same legal issues previously addressed by Judge Chesney. Moreover, there is a risk as to conflicting results, as to not only initial motions directed at the pleadings, including the class definition, but also subsequent rulings. Given their similarity, both actions will require substantial duplication of effort and risk inconsistent results in the future if they are not related.

///
///
///
///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

5

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 3:17-CV-03488-MMC

### III. CONCLUSION

Amazon hereby respectfully requests that the Court relate the *Champion v. Amazon.com, Inc. et al.*, Case No. 3:18-cv-05222-EMC matter to the above-captioned *Miller* matter.

Dated: April 12, 2019

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Brian D. Fahy*
John S. Battenfeld
Max Fischer
Brian D. Fahy
Amy A. McGeever

Attorneys for Defendant
AMAZON LOGISTICS, INC., incorrectly sued as AMAZON.COM, LLC

# [PROPOSED] ORDER

Based on Amazon's Motion for Administrative Relief to Consider Whether Cases Should be Related, as the Judge assigned to Case No. 3:17-cv-03488-MMC, *Miller v. Amazon.com LLC*, I find that the more recently filed Case No. 3:18-cv-05222-EMC, *Champion v. Amazon.com LLC*, is related to *Miller* case and thus, the *Champion* case shall be reassigned to me.

**IT IS SO ORDERED**.

Dated: _____          By: _____
                                  HON. MAXINE M. CHESNEY
                                  UNITED STATES SENIOR DISTRICT JUDGE